## Klohs *versus* Klohs.

1. A settlement was made by an habitual drunkard with the defendant; an inquest found that he had been incapacitated for a period before the time of the settlement. *Held*, that the burden was upon the defendant to prove the drunkard's competency at the time the settlement was made.

2. A finding of incapacity existing before the inquest is only primâ facie, but is conclusive as to an after period.

3. The settlement was made after the defendant as next friend of the drunkard had notice of the inquisition. *Held*, that this did not change the defendant's position as to the proof of capacity.

March 2d 1869.   Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ.   SHARSWOOD, J., at Nisi Prius.

Error to the Court of Common Pleas of *Berks county :* No. 366, to January Term 1869.

This was an action of assumpsit, brought to November Term 1866, by Henry Klohs, an habitual drunkard, by his committee Samuel Reifsnyder, against Aaron Klohs.   There had been mutual dealings between the parties, and the suit was brought to recover a balance alleged to be due to the plaintiff.

The plaintiff having shown an original indebtedness of $3000 by the defendant to him, the defendant examined Edward Shalter, who testified that at the request of the parties he made a statement of settlement between them on the 16th of July 1866 ; the items were given by both parties ; a balance of $294.29 was found to be due to the plaintiff, for which the defendant gave his note and the plaintiff signed a receipt at the bottom of the settlement. There was evidence that the note was passed by the plaintiff to William Rhodes for value, and part of it had been paid by the defendant.

The plaintiff then gave in evidence proceedings to declare him an habitual drunkard, commenced June 15th 1866, a month before the settlement ; the service of notice, June 20th, upon the defendant as plaintiff's next friend, of the holding of the inquest, July 5th : the finding, July 21st, that the plaintiff had been an habitual drunkard for one year, and confirmation of the inquisition, August 6th.   There was evidence, independently of this finding, tending to show the incapacity of the plaintiff for a considerable time before the settlement.

The defendant again called Shalter, who testified : " Henry Klohs was sober the morning the settlement was made.   From what occurred then I thought him fit to do business.   I had conversation with him after the settlement was made, he was not in liquor at the time."

There were no written points submitted, and Woodward, P. J., charged :—

["The right of the plaintiff to recover in this action must de-

[Klohs *v*. Klohs.]

pend upon what the jury find to have been his condition and capacity when the settlement of the 16th July 1866 was made.''] (The court here referred to the evidence and further charged) :— " Under the legal principles stated the jury are to ascertain the competency of Henry Klohs to do business on the 16th day of July 1866. Unless the proof offered on behalf of the defendant has been such as to satisfy the jury that the plaintiff had memory and judgment enough to understand the character of the act he was doing, and of the responsibilities entailed by it, the verdict must be for the plaintiff for the amount claimed in the statement prepared by the counsel to be submitted to you. In order to sustain the alleged settlement it is incumbent on the defendant to prove affirmatively that Henry Klohs at the time it was made was sober and capable of transacting business in an intelligent way. Upon this question the jury will weigh the testimony of Mr. Shalter in its connection with the other evidence in the cause. If they are not satisfied that the defendant's proof has made out the plaintiff's competency, the settlement is to be disregarded, and a verdict rendered for the amount of the plaintiff's claim. [If they find that he was sober and had an intelligent knowledge of the act he was doing, the verdict should be for the defendant.]

" The court has been asked to charge that the act of the defendant in procuring the settlement while the commission of lunacy was pending, was a fraud in law. This would be to assume on the part of the court the entire disposition of the whole cause. The particular circumstances in which the parties stood, and the particular facts that affected them, are relied on in support of the view which the plaintiff's counsel takes. All the circumstances and facts are to be considered by the jury in passing on the question referred to them. But the court do not understand that the current of authority in this state would warrant the instruction asked. It would undoubtedly be a fraud in fact for a party to procure a contract or settlement with a drunken man, or with a man incompetent from mental infirmity to do business, while a commission of lunacy was pending, but it would not be a cause to justify a court in peremptorily ruling it to be a legal fraud.''

The verdict was for the defendant, and the plaintiff took out a writ of error, assigning for error the parts of the charge enclosed in brackets; and also that the court did not charge that it is fraud in a person after having notice of the commencement of proceedings to declare a party an habitual drunkard, to make a settlement with the habitual drunkard, or pay money to him, and is contempt of the process of the court.

*A. G. Green,* for plaintiff in error, cited Imhoff *v.* Witmer, 7 Casey 245; Griswold *v.* Miller, 15 Barb. 520.

[Klohs v. Klohs.]

*J. S. Livingood,* for the defendant in error, cited Act of June 18th 1836, Pamph. L. 592, Purd. 679; Clark *v.* Caldwell, 6 Watts 139; Imhoff *v.* Witmer, *supra;* Sill *v.* McKnight, 7 W. & S. 245; Noel *v.* Karper, 3 P. F. Smith 97; Leckey *v.* Cunningham, 6 Id. 370.

The opinion of the court was delivered, May 11th 1869, by

THOMPSON, C. J.—The date of the settlement between Henry Klohs and Aaron Klohs the defendant, attempted to be set aside by this action, was overlapped by the finding of the inquest that Henry was and had been, prior to that date, a habitual drunkard. The effect of that was to throw upon the defendant the burthen of proving that he was competent to contract at the point of time the settlement was made: 6 P. F. Smith 370. In other words, that he was not under the influence of intoxicating liquors to an extent sufficient to destroy the free and intelligent action of the mind at the time.

The period of time antecedent to the date of finding a condition of lunacy or habitual drunkenness, and covered by it retrospectively, unlike that following such finding, is only primâ facie a period of incapacity which may be rebutted by proof, while it is conclusive in all the future after finding, until the restoration of the subject of it by order of the court and the discharge of his committee: 6 P. F. Smith 370; 6 Barr 371; 4 Rawle 234; 7 Casey 243; 2 Harris 417.

In the case in hand the inquest established a presumption of incapacity to contract at the date of the settlement; but, like all presumptions of fact, it was liable to be rebutted—*stabitur præsumptio donec probetur in contrarium.* Following this rule, the defendant did prove by a witness that Henry Klohs was sober when the settlement was made. It was therefore binding on him as well as the defendant if the testimony was true. This was the view the learned judge took of the case. But the argument is, that the defendant had notice that an inquest was directed in the case of his brother. But what of that? he had no notice of what its finding would be. Notice of a thing that does not exist can hardly be claimed to be notice of anything. Notice of things in process of maturity, and which according to any presumption will result but in one way, is another thing. But that was not the case here. This notice did not change the defendant's position in the least, provided he was able to show, as he did, competency to contract at the time of the settlement. This answers the argument. But a different answer is proper to the assignment of error embracing this idea. The court was not requested to charge on the ground complained of, and generally that is a sufficient answer to such an assignment of error. It certainly is so here. It would have been error to have charged that it was a fraud in

law, on part of the defendant, to settle with his brother after notice of proceedings commenced to declare him a habitual drunkard, if the latter was entirely competent to deal intelligently for himself, and this the jury have found was the case. If at that moment of time he was competent he was undoubtedly free. These elements constituted a capacity to contract, if anything could. We think the case was well tried; and

The judgment is affirmed.