HERBERT L. HARDING *vs.* ARTHUR G. WELD & another.

Suffolk. March 19. — June 29, 1880. AMES & LORD, JJ., absent.

By the Gen. Sts. *c.* 109, § 1, every appointment by the Probate Court of a guardian of a person residing in this Commonwealth, and who is not now under guardianship, whether there has been a previous guardianship or not, must be made in the county in which the ward resides when the petition for such appointment is presented.

A guardian of a minor residing in the town of West Roxbury in the county of Norfolk was appointed by the Probate Court of that county before the annexation of that town to the city of Boston and county of Suffolk by the St. of 1873, *c.* 314, and after such annexation resigned his guardianship, and his resignation was accepted by that court, but he still held in his hands the property of the minor, and the minor continued to reside in the same territory. *Held*, that by § 3 of that statute the jurisdiction to appoint a new guardian of the minor was in the Probate Court of the county of Suffolk.

GRAY, C. J. This is an appeal from a decree of the Probate Court for the county of Suffolk, appointing the petitioner guardian of a minor who, as appears by the report of the justice of this court before whom the appeal was heard, was born and has ever since resided in the territory which is now a part of the city of Boston in this county, but was formerly the town of West Roxbury in the county of Norfolk, and who is merely described as of Boston in the petition of the appellee to the Probate Court, and in the decree of that court. The minor himself, appearing

by next friend, is one of the appellants. The other appellant is his former guardian, who was duly appointed by the Probate Court for the county of Norfolk before the annexation of that territory to the city of Boston, who, since such annexation, has resigned his guardianship, and whose resignation has been accepted by that court, but who still has in his hands the property of the minor.

The question presented by the reasons of appeal of each appellant, and by the report before us, and argued at the bar, is whether, upon these facts, the jurisdiction to appoint a new guardian is in the Probate Court of this county or in the Probate Court of Norfolk. Whether the former guardian, having resigned and his resignation having been accepted, has such an interest in the cause as entitles him to appeal from the decree appointing his successor, need not be decided; because the ward has a clear right of appeal from that decree, and on his appeal the question argued must be considered and determined.

The St. of 1873, c. 314, to unite the city of Boston and the town of West Roxbury, enacts, in § 3, that "the several courts within the county of Suffolk," (except certain municipal courts,) "after this act takes effect, shall have the same jurisdiction over all causes of action and proceedings in civil causes, and over all matters in probate and insolvency, which shall have accrued within said territory hereby annexed, that said courts now have over like actions, proceedings and matters within the county of Suffolk; provided, that the several courts within the county of Norfolk shall have and retain jurisdiction of all actions, proceedings and matters, that shall have been rightfully commenced in said courts prior to the time when this act takes effect;" and further enacts that "all suits, actions, proceedings, complaints and prosecutions, and all matters of probate and insolvency, which shall be pending within said territory before any court or justice of the peace, when this act takes effect, shall be heard and determined as though this act had not passed."

The effect of this statute upon the jurisdiction of the Probate Courts may be best ascertained by first referring to the provisions of the General Statutes upon that subject.

By the Gen. Sts. c. 117, § 2, "the Probate Court for each county shall have jurisdiction of the probate of wills, granting

administration of the estates of persons who at the time of their decease were inhabitants of or resident in the county, and of persons who die without the state leaving estate to be administered within such county; of the appointment of guardians to minors and others; and of all matters relating to the estates of such deceased persons and wards." This section defines the county in which the jurisdiction over estates of deceased persons shall be exercised, no rule in that regard having been prescribed, in chapters 93 and 94, concerning executors and administrators. But it does not define the county in which guardians may be appointed, because rules on this subject have been clearly laid down in chapter 109.

By the Gen. Sts. *c.* 109, § 1, "the Probate Court in each county, when it appears necessary or convenient, may appoint guardians to minors and others being inhabitants of or residents in the same county, and to such as reside out of this state and have any estate within the same;" and, by §§ 13, 14 of the same chapter, when any person liable to be put under guardianship resides out of the state, a guardian for him may be appointed by the Probate Court for any county in which there is any estate of his, and shall have the same powers and duties with respect to any estate of his found within the state, and also with respect to his person, if he comes to reside therein, as other guardians have. When a person under guardianship, having a guardian appointed in this state, has removed out of the state, or resides out of the state, provision has been made by successive statutes for a transfer of his property to a guardian appointed in the state in which the residence of the ward is. Gen. Sts. *c.* 109, § 23. Sts. 1862, *c.* 139; 1866, *c.* 122. See also Sts. 1875, *c.* 189; 1877, *c.* 127; 1880, *c.* 154.

Taking all these provisions of the General Statutes together, it clearly appears that original appointments of guardians, as well as of executors and administrators, must be made by the Probate Court of the county of the residence of the ward in the one case, and of the deceased in the other, if within the state; otherwise, in the county in which there is any property of the ward, or of the deceased.

By the Gen. Sts. *c.* 117, § 3, "when a case is within the jurisdiction of the Probate Court in two or more counties, the court

which first takes cognizance thereof by the commencement of proceedings shall retain the same; and administration or guardianship first granted shall extend to all the estate of the deceased or ward in this state, and exclude the jurisdiction of the Probate Court of every other county." But this provision is clearly aimed only at the exercise of jurisdiction by another court while the administration or the guardianship first granted continues; and, being limited to cases within the jurisdiction of the Probate Court in two or more counties, applies only to cases where such jurisdiction attaches by reason of property, within the state, of a deceased person or ward residing out of the state; for when the residence of the deceased or of the ward is within the state, the Probate Court in the county of his residence being the only one which has jurisdiction, this section can have no application.

By the Gen. Sts. *c.* 101, §§ 1, 2, upon the death or removal of a sole or surviving executor or administrator, without having fully administered the estate, the Probate Court is directed to appoint an administrator *de bonis non.* And by *c.* 109, § 24, upon the death, resignation or removal of a guardian, another may be appointed in his stead. Neither of these sections specifies in what county the new appointment shall be made, but leaves that to be ascertained from other provisions of the statutes, or from general rules of law.

As the jurisdiction to grant administration of the estate of any inhabitant of this Commonwealth depends, by the Gen. Sts. *c.* 117, § 2, upon the county of his residence at the time of his death, administration *de bonis non* of such a person must of course be granted in the same county as the original administration. But the power conferred, by *c.* 109, § 1, upon the Probate Court in each county is to "appoint guardians to minors and others being inhabitants of or residents in the same county."

By the principles of international law, the jurisdiction to grant primary (as distinguished from ancillary) administration of personal property belongs to the courts of the owner's domicil at the time of his death, because, as a general rule, the law of that domicil governs the distribution of his personal property; but the jurisdiction to appoint a guardian of the person and of the movable property of a minor belongs to the courts of the domi-

cil of the ward at the time when the occasion arises for judicial action, because the law of that domicil is the fundamental rule by which his status is governed; although the extent to which the authority of an administrator or a guardian, appointed by the courts of the domicil, shall be recognized in another state, depends upon the law or the comity of that state. Story Confl. §§ 497 and note, 499, 511–513. *Pinney* v. *McGregory*, 102 Mass. 186, 192, and cases cited. *Milliken* v. *Pratt*, 125 Mass. 374, 378, and cases cited. St. 1880, *c.* 220.

Administration is necessarily continuous; guardianship is not. The law requires that there shall always be an executor or administrator until the estate is finally settled; but it does not require that a minor shall always have a probate guardian so long as he is under age. A deceased person cannot change his place of residence, or hold property; the title of his real estate vests in his heirs, that of his personal estate in his executor or administrator; and if the latter dies without having fully administered, the administration cannot be said to be terminated But a guardian has the care and management only of the ward's estate, real or personal; the title of either never vests in the guardian, but remains in the ward; and by the death, removal or resignation of the guardian, the guardianship is as completely terminated as by the coming of age of the ward. Gen. Sts. *c.* 109, § 4. *Loring* v. *Alline*, 9 Cush. 68, 70. *Chapin* v. *Livermore*, 13 Gray, 561, 562. *Rollins* v. *Marsh, ante,* 116, 118. The residence of the ward may have been changed since the appointment, or even since the death or resignation, of his former guardian. *Holyoke* v. *Haskins*, 5 Pick. 20, 26. A petition for the appointment of another guardian is a new proceeding, requiring a new notice to the ward, and a new adjudication of infancy. *Allis* v. *Morton*, 4 Gray, 63. And if the ward has attained the age of fourteen years, he may nominate his own guardian. Gen. Sts. *c.* 109, §§ 2, 3.

Although a ward's change of residence from one county of the state to another does not terminate an existing guardianship, the letter and the reason of the Gen. Sts. *c.* 109, § 1, authorize and require every appointment of a guardian of a person residing in this Commonwealth, who is not now under guardianship, whether there has been a previous guardianship or not, to be

made by the Probate Court of the county in which the ward resides when the petition for such appointment is presented.

In this view of the law, the construction of the St. of 1873, *c.* 314, § 3, is not difficult. The only proceeding or matter of probate pending before the Probate Court for the county of Norfolk when the act of annexation took effect was the guardianship of the former guardian; and that has been terminated by his resignation. Neither the subsequent petition for the appointment of a new guardian, nor the inquiry where the former ward now resides, whether he is still a minor, and whether "it appears necessary or convenient," within the meaning of the Gen. Sts. *c.* 109, § 1, that a guardian should now be appointed, was a proceeding or matter which had been commenced or was pending in that court prior to the time when the act of annexation took effect; but this proceeding was commenced, and the cause of it accrued, since that time. It is therefore, by the express terms of the first clause of the St. of 1873, *c.* 314, § 3, within the jurisdiction of the Probate Court for the county of Suffolk, in which the residence of the minor now is; and the decree of that court must be                                 *Affirmed.*

*W. Minot, Jr.*, for the appellants.

*H. L. Harding, pro se.*