JOHN P. SWASEY, Administrator,

*vs.*

HEZEKIAH AMES and another.

Oxford. Opinion August 2, 1887.

*Executors and administrators. Parties as witnesses. Deceased parties:.*

Although one party to a suit be the representative of a deceased person, the other party may be a witness in his own behalf as to matters happening after the death of such deceased person.

ON exceptions.

Trover by the administrator of the estate of Mellen T. S. Ames for two pairs of steers and a shoat, all of the value of two hundred dollars. The writ was dated September 1, 1883. The plea was the general issue. The verdict was for one hundred and seventy-nine dollars and four cents.

At the trial the defendants' counsel called Deborah B. Ames, one of the defendants, to testify to facts happening after the death of the intestate. The court ruled that, only when the

representative party takes the stand and testifies to facts happening after the intestate's death, is the door opened to the opposite party to testify to such facts. To this ruling the defendants alleged exceptions.

*John P. Swasey*, for plaintiff.

*George D. Bisbee*, for defendants.

PETERS, C. J. The fact that one of the parties to a suit is the representative of a person deceased, does not preclude the other party from the privilege of being a witness in his own behalf respecting matters that have happened after the death of such deceased person, whether the representative party testifies or not. Formerly the rule was otherwise, the statutory provision having been amended since the decision in *Kelton* v. *Hill*, 59 Maine, 260. Laws 1873, ch. 145; R. S., ch. 82, § 98. The legislature deemed it reasonable to allow the living party to be a witness in relation to matters of which the deceased in his lifetime could have known nothing, and about which some one other than the living party may be supposed to be in a position to testify.

*Exceptions sustained.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.