THOMAS WILLWERTH *vs.* SARAH LEONARD.

SAME *vs.* ELLEN RICHARDS.

Suffolk.   January 13, 1892. — May 9, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Forcible Entry and Detainer — Probate Appeal — Guardian and Ward — Decree.*

The removal of a guardian by a decree of the Supreme Judicial Court terminates the guardianship, and the sending the case back to the Probate Court for further proceedings does not qualify the terminating effect of the removal.

When the guardianship of an insane person has terminated, and a controversy has arisen between third parties, one of whom claims under a contract made with the ward after the termination of the guardianship, the reason ceases for regarding the decree of the Probate Court as conclusive on the question of the ward's sanity.

A guardianship may be terminated as well by death, removal, or resignation as by a discharge, and no method is provided in which, after a guardianship has for any cause ceased, the decree on which it was based may be annulled.

Two ACTIONS on the Pub. Sts. c. 175, to recover possession of certain premises in Boston.  The plaintiff claimed title as lessee of Joseph Willwerth.  The case was submitted to the Superior Court, and, after judgment for the plaintiff for possession and costs, to this court, on appeal, on an agreed statement of facts, the material portions of which appear in the opinion.  If the plaintiff was not entitled to judgment, but if at a trial of the causes the plaintiff would be entitled to show certain facts bearing upon the mental condition of Joseph Willwerth, then a new trial was to be ordered.

*C. R. Morse,* for the defendants.

*I. D. Van Duzee,* for the plaintiff.

MORTON, J.  It appears that Joseph Willwerth, then of Boston, was adjudged insane, after due notice and hearing by the Probate Court of Suffolk County, December 12, 1881, and his wife was appointed his guardian.  On May 31, 1888, he petitioned for the removal of his guardian for unsuitableness; and on June 15, 1888, further petitioned that she should be discharged, on the ground that the guardianship was no longer necessary.  Both petitions were dismissed by the Probate Court, and he appealed to the Supreme Judicial Court, in which, on May 27, 1890, decrees were entered affirming the decree of the Probate Court dismissing the petition for discharge of the guardianship, but reversing that on the petition for removal, and removing her, and remitting both cases to the Probate Court for further proceedings.  On May 28, 1890, a petition was presented to the Probate Court at Cambridge, alleging that Willwerth was an inhabitant or resident of Cambridge, and asking for the appointment of one Avis Willwerth as guardian.  This petition was assented to by Willwerth, but the Probate Court dismissed it.  The lease in question was made on July 7, 1890.

The defendants have introduced no evidence except the copies relating to their various proceedings, and they contend that it appears from them that the decree by which Willwerth was adjudged insane is in force, and has never been revoked or modified, except so far as the removal of the guardian may have modified it, and that the lease was therefore ineffectual to pass to the plaintiff an interest in the premises described in it, because the decree conclusively shows that Willwerth was

insane when it was made. We think this position cannot be sustained.

The removal of the guardian terminated the guardianship. *Loring* v. *Alline*, 9 Cush. 68, 70. *Allis* v. *Morton*, 4 Gray, 63. *Chapin* v. *Livermore*, 13 Gray. 561, 562. *Harding* v. *Weld*, 128 Mass. 587, 591. Sending the case back to the Probate Court for further proceedings did not qualify the terminating effect of the removal. It was a disposition of the case made necessary by the fact that it was in the hands of an appellate court. A new notice and a new hearing were necessary in the Probate Court to the appointment of another guardian. The court could not proceed on the strength of the former hearing and decree. *Harding* v. *Weld*, and *Allis* v. *Morton*, *ubi supra*. The title to the property remained all the time in the ward, and the guardian could. make no contract relating to the property that would bind the· ward when the guardianship ceased. *Hicks* v. *Chapman*, 10· Allen, 463. So long as the guardianship continued, the decree· of the Probate Court may well have been regarded as conclusive· on the question of the ward's sanity, on the ground that the decree fixed the ward's status as to all the world, and also because it might greatly have embarrassed the execution of his trust if the guardian could have been compelled to try the question of his ward's sanity in every action for or against him. *White* v. *Palmer*, 4 Mass. 147. *Leonard* v. *Leonard*, 14 Pick. 280. *Leggate* v. *Clark*, 111 Mass. 308, 310. But when the guardianship has terminated, and a controversy has arisen between third parties, one of whom claims under a contract made with the ward after the termination of the guardianship, the reason ceases for holding the decree conclusive. Indeed, to give it the effect contended for by the defendants would be to place Willwerth, because of the former decree of the Probate Court, in the anomalous position of being unable to make contracts concerning his own property, although he is not under guardianship, and there is no petition pending to place him there, and the court could not use the former hearing and decree as the basis for the appointment of another guardian. If the decree, like a decree of divorce, fixed permanently the status of the party affected by it, then the case might stand differently; but it did not do that. Its disabling effect continued only so long as the guardianship

continued. It is true that his petition for a discharge of the guardianship was dismissed. But the removal terminated the guardianship as effectually as a discharge would have done; possibly that may have been a reason for dismissing it. A guardianship may be terminated as well by death, removal, or resignation as by a discharge. *Loring* v. *Alline*, 9 Cush. 68. No method is provided in which, after a guardianship has for any cause ceased, the decree on which it was based may be annulled. We think, therefore, that the decree of the Probate Court is not conclusive on the question of Willwerth's insanity at the time of making the lease. Whether it is open to the defendants to raise the question of his insanity at that time, and whether, if it is, the decree would be admissible as evidence on that point, we need not now consider. The defendant's case does not rest on the ground that it is admissible as evidence tending to prove insanity, but on the ground that it conclusively establishes insanity. For aught that appears, the lease was valid, although, if another guardian were appointed, and he were able to show that Willwerth was insane when it was made, it could be avoided.

We have preferred to consider the case on the main question involved, and the view which we have taken of that renders it unnecessary to consider other questions that have been raised.

*Judgment affirmed.*