## BARKHEIMER v. LOCKHART.

### Opinion delivered June 16, 1919.

1. INSANE PERSONS—CONCLUSIVENESS OF ADJUDICATION.—While an adjudication of insanity is not conclusive of insanity in other proceedings in which it may be an issue, it is *prima facie* determinative.

2. SAME—CONVEYANCE—WHO MAY SET ASIDE.—The deed of an insane person may be avoided at the suit of any person who was prejudiced by its execution.

3. FRAUDULENT CONVEYANCES — PERSONS ENTITLED TO ATTACK.—A person having a claim for damages is a "creditor" within the protection of the statute against fraudulent conveyances.

4. SAME—JURISDICTION OF CHANCERY.—Equity has jurisdiction to uncover fraudulent conveyances in order that a creditor's judgment may be enforced.

Appeal from Ouachita Chancery Court; *Thomas I. Thornton,* Special Chancellor; reversed.

*R. K. Mason* and *Powell & Smead,* for appellant.

The undisputed evidence shows that Lockhart was insane at the time of the execution of the deeds and they are void and the property subject to plaintiff's claim. 106 Ark. 230. Plaintiff was a creditor within the meaning of our statutes when the deeds were executed. It only remained for the jury to ascertain and find her damages. The deeds made Lockhart insolvent. The deeds were also void, being voluntary and in fraud of creditors. 56 Ark. 73; 50 *Id.* 46; 68 *Id.* 162; 86 *Id.* 225; 73 *Id.* 174; 91 *Id.* 399; 74 *Id.* 161; 105 *Id.* 90; 106 *Id.* 230; 108 *Id.* 164. The alleged consideration was neither a good nor a valuable one. See case of 108 Ark. 164; 38 Ill. App. 180. The decree should be reversed with directions to grant the relief prayed, with costs and attorney' fees.

*Gaughan & Sifford,* for appellees.

1. Appellant must prove that the conveyances were fraudulent and voluntary, and the creditors were hindered and delayed. She has not done so. The undertaking by Mrs. Lockhart was a valuable consideration. 4 Words and Phrases, 1132; 101 Ark. 28.

2. It was not proved that fraud was intended. 110 Ark. 335, 345; 99 *Id.* 45; 91 *Id.* 218; 39 *Id.* 571; 55 *Id.* 59. See also 22 *Id.* 184. Each case must rest upon its own circumstances and no general rule can be laid down.

Here the consideration was adequate, but mere inadequacy of price or consideration is not sufficient to show that a conveyance is fraudulent as to the grantee. 92 Ark. 248; 118 *Id.* 237.

3. As to defendant Meek, the lot was purchased long before the assault and was conveyed to Mrs. Lockhart with the view of completing the gift, as well as for other purposes, which made up the consideration for the conveyances. There is no proof of actual fraud and no attorneys' fees should be allowed. The decree should be affirmed, as there are no errors.

SMITH, J.   On the 2nd day of August, 1915, J. D. Lockhart, a druggist of Camden, Arkansas, committed rape upon the person of Vera Barkheimer, a white girl nine years of age.   On the same day Lockhart was arrested upon a warrant charging him with the commission of the crime and placed in the jail, where he remained until taken to the State Hospital for Nervous Diseases several days later.

On August 4, 1915, two days after his arrest and while still in jail and after he had been adjudged insane, Lockhart executed three deeds to his wife, thereby conveying to her two lots in the business section of the city of Camden, and his homestead in that city, which was all the real estate owned by him.   Each of these deeds recited a consideration of five dollars and love and affection.   It was admitted that the five dollars was not paid, but Mrs. Lockhart testified that the real consideration for the deeds was the agreement by her to pay the expense of her husband's defense and to assume the support of their three minor children.   These children were 19, 17 and 14 years of age, respectively.   Mrs. Lockhart testified that she had discharged the obligations thus assumed by paying attorney's fees in both the criminal prosecution and in the suit for damages amounting to something over a thousand dollars, and that she had expended twelve hundred dollars a year for the support of the children, and that sum would be required for their continued support during their minority, and that the value of the property conveyed to her by her husband would be thus more than consumed, and that her husband owed no debts at the time of his arrest.   The testimony is conflicting as to the value of these lots, it being placed as high as five thousand dollars by some of the witnesses and as low as three thousand by others at the time the deeds were made. In addition to this property Lockhart had two hundred dollars in money and a stock of drugs worth fifteen hundred dollars.   This stock was disposed of by sale at retail and finally closed out before the recovery of the judgment for damages.

A suit for damages was begun on January 10, 1916, which resulted in a judgment on October 26, 1917, for $750. On November 8, 1917, Mrs. Lockhart conveyed one of the lots to an attorney representing her husband, who made no claim of being an innocent purchaser. Execution was issued on the judgment, but was returned February 5, 1918, *nulla bona,* whereupon this suit was brought to uncover the property deeded by Lockhart to his wife.

There was testimony to the effect that explanation was made to Lockhart, which he appeared to understand, at the time of the execution of the deeds, that his wife, in consideration therefor, had agreed to assume the expense of his defense and the support of his children, and that he executed the deeds for these considerations, and that Mrs. Lockhart did not know when she assumed these obligations that any civil liability could be asserted against her husband because of this tort. There was other testimony, however, which we do not regard as essential to set out, that the deeds were prepared by a notary under the direction of Mrs. Lockhart's brother.

Lockhart had been adjudged insane at the time of the execution of the deeds, and while this adjudication is not conclusive of insanity in all other proceedings in which it may be an issue, it is *prima facie* determinative, and we think the testimony here does not overcome the presumption arising from that adjudication. *Eagle* v. *Peterson,* 136 Ark. 72.

The deed of Lockhart was not void, but was voidable at the suit of any creditor who was prejudiced by its execution. *Cox* v. *Gress,* 51 Ark. 224.

The plaintiff in this damage suit was a creditor (*Papan* v. *Nahay,* 106 Ark. 230), and when her demand had been reduced to judgment and became enforceable as such, no property could be found upon which the execution could be levied. It is true that at the time of the execution of the conveyances here sought to be set aside, Lockhart did own a drugstore of sufficient value to satisfy the judgment subsequently obtained. But, before the judgment was obtained, Mrs. Lockhart had caused

this stock of goods to be sold and had used the proceeds of the sale in the defense of the suits against her husband and in support of her children, these being the obligations assumed by her as a consideration for the deeds themselves.

It is decisive of this case to say that a judgment creditor's right to enforce the judgment will be defeated if these voidable deeds are permitted to stand, and it is, therefore, a proper subject of chancery jurisdiction that these voidable conveyances should be uncovered, to the end that the enforcement of this demand may not be defeated. *Peters* v. *Townsend,* 93 Ark. 103. The decree of the court below will, therefore, be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.