## DAVIS v. CONE et al.

No. 16119—Opinion Filed Feb. 2, 1926.

Rehearing Denied March 16, 1926.

(Syllabus.)

1. **Judgment—Presumption as to Validity of Records of County Courts.**

The proceedings of the county court are construed in the same manner and with like intendments as the proceedings of courts of general jurisdiction, and to its records, orders, judgments, and decrees there are accorded like force, effect, and legal presumption as to records, orders, judgments, and decrees of district courts.

2. **Insane Persons—Appeals—Authority of Next Friend or Guardian Terminated by Restoration of Competency.**

The general rule is that a next friend has no standing to prosecute an appeal where the interests of the incompetent are protected by guardian. This general rule, however, is subject to certain exceptions, and there are cases where the incompetent may appeal by next friend notwithstanding the general rule. However, if before the termination of the proceedings the incompetent is restored to competency by the county court having jurisdiction, the former incompetent has the right to dismiss said action, and neither the guardian nor next friend has authority to proceed over the objection of the former incompetent after his competency has been restored.

Appeal from District Court, Wagoner County; Enloe V. Vernor, Judge.

W. T. Drake and Linebaugh, Pinson & Fite, for plaintiff in error.

Watts & Broaddus, for defendants in error.

PHELPS, J. This cause was originally filed in the district court of Wagoner county by Florence Davis, nee White, an incompetent, by Thomas F. Shaw, her next friend, against R. H. Cone, E. L. Kirby, and others, to recover certain funds, of which it is alleged the incompetent had been defrauded by R. H. Cone as her guardian and those associated with him. After the action was instituted, the county court of Wagoner county, upon hearing, restored the incompetent to her competency, and after she was thus restored to her competency she filed in the district court her dismissal of said action.

Thomas F. Shaw, appearing in the capacity of her next friend, moved to strike her dismissal of said action, which motion was by the court overruled and order entered dismissing the action, from which action, ruling, and judgment of the court, Thomas F. Shaw, as next friend, prosecutes this appeal.

The sole question for us to determine here is, whether this action can be maintained by the next friend after the incompetent has been restored to competency and in her own proper person filed a dismissal of the action.

It is contended by the defendants that when the county court restored the incompetent to competency, the next friend's authority was automatically terminated, and that she had a legal right to dismiss the action theretofore filed in her behalf by such next friend. Plaintiff cites Yarhola v. Duling, 86 Okla. 171, 207 Pac. 293, as an authority sustaining his contention, but an examination of that case discloses a different state of facts from the facts in the case at bar. In that case the incompetent desired to appeal from an order of the county court; his guardian refused to prosecute the appeal, and this court held that the incompetent could appear by his next friend where the guardian failed or refused to act to protect his interest, but at all times he was under guardianship.

Isle v. Cranby, 199 Ill. 39, 64 L. R. A. 513, and Howard v. Howard, 87 Ky. 616, 9 S. W. 411, and other cases are also cited as authorities sustaining the plaintiff's position, but we are of the opinion that these authorities are not controlling here, for the reason that section 1449, Comp. Stats. 1921, specifically vests the county courts of this

state with jurisdiction and authority to examine into and declare the mental incompetency of any person alleged to be mentally incapable of managing his property, and section 1452, Comp. Stats. 1921, vests the same court with jurisdiction and authority to restore such person to his mental capacity, and it appears that in the jurisdictions of the cases above cited no such specific authority is conferred, consequently a court of equity may properly assume jurisdiction.

Under the ruling laid down in Yarhola v. Duling, supra, the present action could be maintained by the next friend, under the allegations of the petition, notwithstanding the existence of the guardianship, but when the county court restored the incompetent to competency, neither the guardian nor the next friend had any further jurisdiction to prosecute the action over the objection of the former incompetent, and, beyond question, the county court had the jurisdiction and authority to inquire into the mental status of the incompetent, and if found to be competent, to so enter its judgment.

In Chaloner v. Sherman, 215 Fed. 807, it is said in paragraph 10 of the syllabus:

"Where a person who had been adjudged insane has recovered, such fact must be brought to the attention of, and application for relief made to, the court of original jurisdiction."

Then, having been restored to her capacity by the sole tribunal vested with jurisdiction and authority to do so, she is authorized under section 665, Comp. Stats. 1921, to dismiss the action.

Therefore, however reluctant we are to do so, we are forced to the conclusion that the trial court committed no error in overruling plaintiff's motion to strike and in sustaining the dismissal.

All the Justices concur.

Note.—See under (1) 34 C. J. p. 545 § 844; 17 R. C. L. p. 881; 3 R. C. L. Supp. p. 503; 4 R. C. L. Supp. p. 1022. (2) 32 C. J. p. 771 §§ 588 (Anno) 589; 14 R. C. L. p. 611; 3 R. C. L. Supp. p. 256.