JOHN P. BLEEG CO., Appellant, v. PETERSON et al,
Respondents.

(215 N. W. 529.)

(File No. 5766.    Opinion filed October 11, 1927.)

**Bills and Notes—Insane Persons—Assignment of Note During Guardianship of Incompetent Payee Held a Nullity, and Subsequent Indorsee Was Not a Holder in Due Course (Rev. Code 1919, §§ 1720, 1727, 1761).**

Where payee of note was adjudged an incompetent and a guardian appointed for him, assignment of a note by him during guardianship held a nullity, in view of Rev. Code 1919, § 1727, and subsequent indorsee was not a holder in due course thereunder, under sections 1720, 1761.

Note.—See, Headnote (1), American Key-Numbered Digest, Bills and notes, Key-No. 368, 8 C. J. Sec. 1040; Insane persons, Key-No. 77, 32 C. J. Sec. 495.

For annotations to Rev. Code 1919, Sec. 1727, see 5 U. L. A. pg. 97.

Appeal from Circuit Court, Clay County; HON. R. B. TRIPP, Judge.

Action by the John P. Bleeg Company against John Peterson and others, in which Ida Bring intervened. From a judgment for defendants, and from order denying a new trial, plaintiff appeals. Judgment and order affirmed.

*E. W. Fiske,* of Sioux Falls, *A. L. Wyman,* of Yankton, and *J. A. Larkin,* of Sioux Falls, for Appellant.

*Gunderson & Gunderson,* of Vermillion, and *Bogue & Bogue,* of Parker, for Respondents.

POLLEY, J.   This action was brought to recover $3,000 and interest on a certain promissory note executed by the defendants John and C. J. Peterson, and payable to the defendant Andrew Bring. The note is dated April 1, 1919, and is payable five years from date. The note purports to have been indorsed by Andrew Bring to defendant Florence Bring on the 23d day of November, 1920. Later on, Florence Bring indorsed the note to one C. M. Wilber, who in turn indorsed it to the plaintiff. After the action was commenced, Ida Bring, a daughter of Andrew Bring, claiming to be the owner of the note, intervened, and asked that she be adjudged to be the owner of the note and the indebtedness evidenced thereby, and that she be awarded the possession thereof.

As against plaintiff's right to recover, two defenses are urged: First, that the note was not yet due when the action was commenced; and, second, that prior to the time when Andrew Bring indorsed the note to Florence Bring he had been declared incompetent and a guardian of his person and estate had been appointed, and that he was under guardianship when the note was indorsed and transferred to Florence Bring. The order adjudging Andrew Bring incompetent and appointing a guardian was made and entered on the 25th day of January, 1921. The testimony of various witnesses at the trial was to the effect that they had seen the note as late as the 1st day of June, 1921, and that there was no indorsement on it at that time.

The case was tried in the circuit court upon the theory that unless the note was indorsed and transferred to Florence Bring prior to the appointment of the guardian for Andrew Bring, the plaintiff could not recover. This question was submitted to a jury, and the jury found against the plaintiff. The court thereupon made findings of fact and conclusions of law. The court found that during the month of March, 1923, the defendants Florence Bring and Andrew Bring entered into a settlement with the said Ida Bring, whereby all differences between said parties were settled and adjusted, and that pursuant to said settlement the said Florence Bring transferred to Ida Bring a large amount of property, including the note and mortgage involved in this action; that in consideration for the said transfers Ida Bring agreed to pay to Andrew Bring the sum of $50 per month for and during his natural life, to be paid to him monthly on the 1st day of each and every month from and after the 1st day of April, 1923; that said payments had been paid regularly since said date, and accepted and retained by Andrew Bring. On the 27th day of March, 1923, an order was entered restoring Andrew Bring to competency.

It is the contention of plaintiff that it is a holder of the note in due course, and that under the provisions of section 1761, R. C., the defense of incompetentcy is not available. This section provides that:

"A holder in due course holds the instrument free from any defect of title or of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of

the instrument for the full amount thereof against all parties liable thereon."

This statute assumes that the indorser of the instrument had the legal capacity to contract, and was otherwise authorized to make the indorsement, and the same is true of section 1720. When the note in question was indorsed by Andrew Bring, he was under guardianship and wholly incapacitated to make such indorsement or transfer. Section 1727, R. C. 1919. So long as the guardianship continued, he was legally incompetent and without authority to transfer his property, and his assignment of the note in question during his guardianship was a nullity. Wilworth v. Leonard, 156 Mass. 277, 31 N. E. 299; Burgedorff et al v. Hamer, 95 Neb. 113, 145 N. W. 250; Anglo-California Bank v. Ames (C. C. A.), 27 F. 727. In discussing an accommodation by an incompetent person, the Supreme Court of Pennsylvania said:

"The true rule applicable to such cases is that, while the purchaser of a promissory note is not bound to inquire into its consideration, he is affected by the status of the maker." Wirebach v. Bank, 97 Pa. St. 543 [39 Am. Rep. 821].

There is no contention that the assignment by Andrew Bring to Florence Bring was ratified by him after he was restored to competency; on the contrary, he ratified the settlement made between himself, Florence Bring, and Ida Bring during the month of March, 1924, by accepting the monthly payments from Ida Bring, as provided for by that settlement. Plaintiff, never having acquired title to said note, is not entitled to recover in this action.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and GATES and BURCH, JJ., concur. SHERWOOD, J., not present.