## NATIONAL LIFE INS. CO. v. JAYNE et al.
No. 2570.

Circuit Court of Appeals, Tenth Circuit.
Oct. 30, 1942.

As Corrected on Denial of Rehearing
Dec. 11, 1942.

---

Roy C. Lytle, of Oklahoma City, Okl. (D. I. Johnston and Keaton, Wells & Johnston, all of Oklahoma City, Okl., and Deane C. Davis, of Montpelier, Vt., on the brief), for appellant.

John H. Cantrell, of Oklahoma City, Okl. (Joe A. McCloud, B. H. Carey, and E. J. Flinn, all of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

On January 30, 1930, the National Life Insurance Company[1] issued its policy of life insurance on Morris I. Jayne.[2] The policy provided for total disability benefits.[3]

---

[1] Hereinafter called the Insurance Company.

[2] Hereinafter called the insured.

[3] " * * * the National Life Insurance Company, * * * agrees that if the Insured, * * * shall furnish to the Company * * * due proof that since the issue of the policy and while the policy was in full force * * * he became and still is totally disabled as hereinafter defined * * * it will, during the subsequent continuance of such disability, but subject to the following terms and conditions, waive the payment of premiums falling due and pay a monthly income to the Insured as hereinafter provided.

"*Disability Defined.* Total disability shall be construed to mean such a state of incapacity caused by bodily injury or disease that the Insured is totally pre-

The Insurance Company brought this action against the insured, Lelia G. Jayne, his wife, the beneficiary, and Lelia Jayne, guardian of the person and estate of the insured, an incompetent. In its complaint the Insurance Company set up the issuance of the policy and the disability provisions thereof, and further alleged that on May 23, 1930, Lelia Jayne was appointed guardian of the person and estate of the insured, an incompetent, and duly qualified as such guardian; that thereafter as such guardian she filed a claim with the Insurance Company representing that the insured was totally and permanently disabled; that subsequently and as often as the Insurance Company requested, Lelia Jayne, as guardian, represented in writing to the Insurance Company that the insured was totally and permanently disabled; that since June 18, 1930, the Insurance Company has paid to the guardian $100 monthly payments aggregating $13,-200; that the Insurance Company has waived payment of premiums since June 18, 1930, aggregating $3,879.70; that the insured is not now totally and permanently disabled and has not been so totally and permanently disabled since prior to June 18, 1936; that insured is actively engaged in the business of producing oil and gas and in brokering oil and gas leases; that he is competent to and does negotiate for and purchase oil and gas leases and other property, but as a part of the plan or scheme to defraud the Insurance Company, he habitually causes the lease contracts or other evidences of title of property to be taken in the name of Lelia G. Jayne; that the insured conducts himself as an ordinary, normal, healthy, business man; that Lelia G. Jayne, as guardian and as beneficiary, has conspired to represent that the insured is and was on all dates subsequent to June 18, 1936, totally and permanently disabled and entitled to the total disability benefits; that the Insurance Company is entitled to recover from the guardian the sum of $6,000, monthly disability benefits paid since June 18, 1936, and to recover the premiums waived since June 18, 1936, aggregating $1,763.50. It

prayed judgment against the guardian for $6,000, disability benefits paid, and $1,-763.50, premiums waived, and sought a declaratory judgment adjudging the policy canceled for nonpayment of premiums and that the Insurance Company has no further liability thereunder to the insured or the guardian. The trial court sustained a motion to dismiss the action. The Insurance Company has appealed.

58 O. S. A. § 851 provides that when it is represented to the county court, upon verified petition of any relative or friend, that any person is insane, or from any cause mentally incompetent to manage his property, the judge must cause notice to be given to the supposed insane or incompetent person, of the time and place of hearing the case, not less than five days before the time so appointed, and that such person, if able to attend, must be produced before the judge on the hearing.

58 O. S. A. § 852 provides if, after a full hearing and examination upon such petition, it appears to the judge of the county court that the person in question is incapable of taking care of himself and managing his property, the judge must appoint a guardian of his person and estate.

58 O. S. A. § 853 provides that every guardian so appointed has the care and custody of the person of his ward, and the management of all his estate, until such guardian is legally discharged.

58 O. S. A. § 854 provides for a proceeding to determine restoration to capacity.

15 O. S. A. § 24 provides that

"After his incapacity has been judicially determined, a person of unsound mind can make no conveyance or other contract, nor designate any power, nor waive any right, until his restoration to capacity is judicially determined. But if actually restored to capacity, he may make a will, though his restoration is not thus determined."

■ Under this section where a person has been adjudged incompetent, any conveyance or other contract attempted to be

vented from engaging in any occupation or performing any work for compensation, gain or profit. * * *

"*Waiver of Premium.* On admission by it of total disability as herein defined the Company will as hereinafter provided waive the payment of the premiums which accrue on this policy prior to its

20th anniversary during such total disability, * * *

"*Monthly Income.* On admission by it of total disability as herein defined the Company will * * * pay to the Insured One Hundred Dollars and thereafter a like sum monthly during such disability until the maturity of the policy."

made by such person and any attempt by such person to designate a power or waive a right during the time he remains under actual guardianship is void.[4]

■ At common law and in many jurisdictions an adjudication of insanity is admissible as evidence of insanity at a later date, though not conclusive. Ordinarily, it substitutes for the general presumption of sanity the presumption of insanity.[5]

■ In certain jurisdictions, including Oklahoma, by force of statute an adjudication of insanity is conclusive as to the existence of insanity during the continuance of the adjudication with respect to the right of the person so adjudicated to exercise his civil right; and civil acts transacted by the person adjudged insane after the adjudication and before he has been adjudged to be restored to reason are void and not merely voidable.[6]

No case has been cited, and, after an exhaustive search of the authorities, we have been unable to find any case applying the conclusive presumption rule other than in actions involving the validity of civil acts of the person adjudged insane after adjudication and before he has been adjudged to be restored to reason. All the cases applying the rule involved the validity of civil acts and arose in jurisdictions having statutes which in effect declare that conveyances made, contracts entered into, and other civil acts transacted by a person after he has been adjudged insane and before he has been adjudged restored to capacity are void.

■■ It cannot be doubted that a state, for the protection of its incompetents, may, as a public policy, by force of statute adopt the rule that civil acts of a person judicially adjudged insane after such adjudication and until the adjudication is set aside in a direct proceeding, or until he is adjudged to be restored to capacity, shall be void. Nevertheless, it is a well-known fact that many types of insanity are curable and it would be strange, indeed, for a state to adopt the rule that, in a collateral proceeding not involving the exercise of civil rights, a person adjudged to be insane shall be conclusively presumed to be insane at a date substan-

---

4 Nichols v. Clement Mortgage Co., 112 Okl. 155, 241 P. 167, 170; Fixico v. Ming, 176 Okl. 358, 55 P.2d 1027, 1028; Fixico v. Fixico, 186 Okl. 656, 100 P.2d 260.

5 Eagle v. Peterson, 136 Ark. 72, 206 S.W. 55, 57, 7 A.L.R. 553; Barkheimer v. Lockhart, 139 Ark. 223, 213 S.W. 381, 382; In re Baker's Estate, 176 Cal. 430, 168 P. 881, 883; Avery v. Avery, 42 Cal. App. 100, 183 P. 453, 454; American Trust & Banking Co. v. Boone, 102 Ga. 202, 29 S.E. 182, 184, 40 L.R.A. 250, 66 Am.St.Rep. 167; Holliday v. Shepherd, 269 Ill. 429, 109 N.E. 976, 7 A.L.R. 558; Harrison v. Bishop, 131 Ind. 161, 30 N. E. 1069, 1071, 31 Am.St.Rep. 422; Taylor v. Taylor, 174 Ind. 670, 93 N.E. 9, 12; Jones v. Schaffner, 193 Iowa 1262, 188 N.W. 787, 792; Wathen v. Skaggs, 161 Ky. 600, 171 S.W. 193, 194; Rath's Committee v. Smith, 180 Ky. 326, 202 S.W. 501, 503; Johnson's Committee v. Mitchell, 146 Ky. 382, 142 S.W. 675, 676; Andrews v. Andrews' Committee, 120 Ky. 718, 87 S.W. 1080, 1081, 90 S.W. 581; Hale v. Harris, 169 Mich. 172, 134 N.W. 1111, 1112; Johnson v. Pilot Life Insurance Company, 217 N.C. 139, 7 S.E. 2d 475, 477, 128 A.L.R. 1375; Hill's Ex'rs v. Day, 34 N.J.Eq. 150, 151; Southern Tier Masonic Relief Ass'n v. Laudenbach, Sup., 5 N.Y.S. 901, 905; Herndon v. Vick, 18 Tex.Civ.App. 583, 45 S.W. 852, 853; Dean v. Jordan, 194

Wash. 661, 79 P.2d 331, 335; Maitlen v. Hazen, 9 Wash.2d 113, 113 P.2d 1008, 1014; Small v. Champeny, 102 Wis. 61, 78 N.W. 407; Note, 7 A.L.R. p. 588.

6 Groenewold v. Groenewold, Okl.Sup., not yet released by court for publication, Cockrill v. Cockrill, C.C.Mo., 79 F. 143, 150; O'Brien v. United Bank & Trust Co., 100 Cal.App. 325, 279 P. 1048, 1049; Griswold v. Butler, 3 Conn. 227, 231; Weeks v. Reliance Fertilizer Co., 20 Ga.App. 498, 93 S.E. 152; American Trust & Banking Co. v. Boone, 102 Ga. 202, 29 S.E. 182, 184, 40 L.R.A. 250, 66 Am.St.Rep. 167; Redden v. Baker, 86 Ind. 191, 194, 195; Musselman v. Cravens, 47 Ind. 1, 10, 11; Freed v. Brown, 55 Ind. 310, 316, 318, 319; Willworth v. Leonard, 156 Mass. 277, 31 N.E. 299, 300; Bradbury v. Place, Me., 10 A. 461, 462; Rannels v. Gerner, 80 Mo. 474, 478, 479; Coleman v. Farrar, 112 Mo. 54, 20 S.W. 441, 447; Kiehne v. Wessell, 53 Mo.App. 667, 670, 671; Carter v. Beckwith, 128 N.Y. 312, 28 N.E. 582; Hughes v. Jones, 116 N.Y. 67, 22 N.E. 446, 448, 5 L.R.A. 637, 15 Am.St.Rep. 386; Klohs v. Klohs, 11 P.F.Smith 245, 61 Pa. 245, 247; Pritchett v. Thomas Plater & Co., 144 Tenn. 406, 232 S.W. 961, 968; Elston v. Jasper, 45 Tex. 409, 413; Note, 7 A.L.R. 584.

See, also, Davis v. Cone, 114 Okl. 151, 244 P. 447.

362

tially subsequent to the date of such adjudication. Adjudication of insanity is a determination of want of mental capacity at the time of the adjudication. Necessarily, in cases where the insanity is curable, it cannot be an adjudication that the person adjudged to be insane shall be insane for all future time. At most, it can be presumptive evidence only of subsequent insanity.

The instant case involves the rights of the insured or his guardian under a contract entered into prior to adjudication. The adjudication here is an evidentiary fact tending to establish total disability on June 18, 1936, and subsequent thereto, but it is not conclusive evidence of that fact. It is subject to rebuttal. We are of the opinion that the Insurance Company may properly offer evidence to overcome the presumption flowing from the adjudication and to establish that insured was sane on and after June 18, 1936.

The question remains whether the civil disabilities of the insured which flow from the adjudication in and of themselves constitute total disability. It is alleged in the complaint that the insured can successfully carry on the business of producing oil and gas and brokering oil and gas leases in the name of Mrs. Jayne. These allegations preclude us from holding, as a matter of law, that the civil disabilities effect total and permanent disability of the insured.

The judgment is reversed and the cause remanded, with instructions to overrule the motion to dismiss the complaint.