Hayes, J.
This is an action of contract brought by the plaintiff against the defendant wherein the plaintiff seeks to recover $500.00 and interest thereon in accordance with the terms of a promissory note dated April 1, 1929, payable one year after date on which is given credit for payment of interest in the sum of $30.00 in 1931, and $11.00 payment on account of interest on October 20, 1942. The defense was general denial, payment, denial of signature, and Statute of Limitations; also that the defendant was an insane person and mentally incapacitated from transacting business, and was totally irresponsible for any business transaction both at the time the note was given and at the time payments were made thereon; payments were made by the defendant; the note was not a witnessed document.
It appeared from the evidence, and the court so found, that on May 27, 1930, which was subsequently to the date of the note and subsequently to the date of the first payment made of interest on said note, the defendant was adjudged insane, and the Probate Court for the County of *104 Essex appointed her daughter, Pearl M. Strong, her guardian, which appointment had been in effect since that date, to wit: May 27,1930, and subsequently to October 20,1942, and was in effect on October 20, 1942, when payment of $11.00 on account of said interest was. paid by the defendant to the plaintiff; that the plaintiff knew when she. received the payment of $11.00 that the defendant had been and was under guardianship as an insane person.
The evidence established the giving of the note by the defendant to the plaintiff for the sum of $500.00 and the payments made on account of the interest by the defendant to the plaintiff at the times alleged. If the plaintiff was mentally incapacitated as an insane person, then the- payment of the $11.00 on account was not binding as upon the defendant to prevent her taking advantage of the Statute of Limitations.
The plaintiff' filed in due season the. following Requests for Rulings of Law, all of which Requests the Court denied :
1. “The burden of proving that the defendant, at the time she executed the note set forth in the declaration, was an insane, person mentally incapacitated from transacting business and was totally irresponsible for any business transacted by her on ‘said date’ is on the defendant. 2. The fact that the defendant was adjudged insane and a .guardian appointed over her in May 1930 by the Probate Court, is not conclusive of the fact that the defendant was wholly incapacitated or totally irresponsible at that time or thereafter. 3. The appointment of a guardian over the defendant on the ground that defendant was an insane person, made May 1930 by Probate Court is only a presumption that she was on that date mentally incapacitated from transacting any business. 4. . As a matter of law a person adjudged insane by Probate Court and a guardian appointed over her, does not preclude the fact that she may be lucid enough about some of her affairs as to legally transact business therein. 5. A payment by the defendant, on the note set forth in the *105 declaration made after she was adjudged insane is not the making of a contract by an insane person and therefore void. 6. The making of a payment on the note of the defendant by the plaintiff by the defendant before the statute of limitations had run is merely waiving the statute and not the making of a new contract. 7. The making of a payment on the note of the defendant to the plaintiff by the defendant after the statute of limitations had run is not the making of a new contract but is merely waiving the statute. 8. Any promise made by the guardian of an insane person, to pay the debt of the ward contracted before the guardian’s appointment is not a promise to pay the debt of a third person and need not be in writing. 9. By virtue of the guardian’s position, in this case, her right to manage wholly the affairs of the ward, to bring actions, defend actions, pay bills, contract bills etc. she the guardian is not an agent ‘en pais’ to act in concurrence with the ward, the principal, but her agency controls and supersedes that of her principal or ward. 10. By virtue of the controlling power of the. guardian, in this case, over the assets of her ward has authority to settle, adjust and pay her debts or resist payment and defend suits, her acknowledgement and promise to pay the note of the ward is binding upon the ward. 11. The acknowledgement of and the promise by the guardian to pay the.note of her ward, made within six years is sufficient to take the case out of the statute of limitations, not only as her personal obligation, but acts as continuing the existing promise in force against the estate or party originally liable on the note in this case. 12. A payment on the note of the defendant by the defendant on October 20, 1942, by and with the consent of the guardian is sufficient to waive the statute of limitations on the note. 13. A payment on the note of the defendant by the defendant October 20, 1942 acquiesced and ratified by the guardian of the defendant is sufficient to waive the statute of limitations on the note. 14. Knowledge in the guardian of the defendant that the defendant made a payment on the defendant’s note on October 20, 1942 without the guardian afterward objecting and protesting the payment is an acquiescence and ratification of the payment by the ward and is a sufficient waiver of the *106 statute of limitations on the note. 15. Delivery of the sum of five hundred dollars to the defendant at her request as a loan, is an obligation of the defendant or the defendant’s estate and whether the defendant was or was not at the time legally or mentally able to enter into a contract to repay the same, the plaintiff is entitled to recover on a count for money had and received. 16. If the plaintiff enriched the defendant’s estate, by giving to the defendant at her request the snm of five hundred dollars, the plaintiff is entitled to recover the said sum with interest thereon minus credit payments thereon whether the defendant was mentally capable of promising to repay the same or not, at the time.
ADDITIONAL REQUESTS.
1. A payment by the defendant on a money obligation barred by the statute of limitations, even though the Probate records show insanity of the defendant is a sufficient payment to take the action out of the statute of limitations, if the defendant has shown by her conversation and actions at the time of making the payment, that she knows and understands that she is making a payment on the obligation. 2. A patient of an insane institution, released therefrom and not returned thereto at the expiration of twelve months from date of .such release is deemed to have been discharged therefrom. 3. A discharge from an insane institution is prima facie evidence and creates, a presumption of sanity. 4. The telephoning by the defendant to the plaintiff that she has some money for her and thereupon pays the plaintiff eleven dollars on the note, stating that it is not much but is something on account warrants a finding by the Court that the defendant had a capacity and mental faculty of understanding that she was making a payment on her note to the plaintiff and such a payment is a waiver of the statute of limitations. 5. A payment by a defendant, decreed by the Probate Court in 1930, an insane person, made in 1942, on her money obligation, barred by the statute of limitations, is a sufficient payment to take the case out of the statute of limitations if the defendant was lucid enough to know that .she was making a payment on the obligation, at the time.
*107 COURT’S RULING OF LAW, FINDING OF FACT AND FINDING.
“I make the following ruling: The decree of the Probate Court, so long as the guardianship continues is conclusive evidence of the disability of the ward to take a barred debt out of the statute of limitations by a payment.”
Finding of Fact.
On April 1, 1929 the defendant for value received, made a promissory note payable to the plaintiff in the sum of five hundred dollars, twelve months after date. It was not signed in the presence of an attesting witness. On May 27,1930 the defendant was adjudged insane and the Probate Court for our County of Essex appointed her daughter Pearl M. Strong her guardian. The appointment has been in effect since that date. The defendant personally, made two payments on the note; one of thirty dollars in the Spring of 1930 and the other of eleven dollars October 20,1942. The plaintiff knew that the defendant was under guardianship. In her answer, the defendant sets up the statute of limitations.
I find for the defendant.”
The Court committed no error.
The mere commitment of a person to an insane asylum does not incapacitate such person from making a contract or to transact business. “A man may be a proper subject for the treatment and custody of a lunatic hospital and yet have sufficient mental capacity to make a will, to enter into contracts, to transact business and to be a witness. Kendall vs. May, 10 Allen 59.”
However a decree of a Judge of Probate appointing a guardian of an insane person is in the nature of a proceeding in rem, and is designed to fix the status of the person proceeded against. If a guardian is appointed then the care and management of the insane person and of his estate is given to the guardian and takes from the insane person the capacity to make contracts or transfer his property. The necessary effect of such decree appointing *108 a guardian is that the ward is in law what the decree declares him to be, incapable of taking care of himself as to all the world. A mere order of commitment to a lunatic hospital does not pretend to declare the person committed to the hospital to be incapable of transacting business. It does not take from him the care and management of his estate. It affords a justification for the restraint of his person but is not designed to fix his status. But appointment of a guardian of an insane person, however, as above stated, does take from him such rights and while guardianship continues the ward is deprived of conducting business, making contracts, or waiving a Statute which he might have done were he not under guardianship. Leggate vs. Clark, 111 Mass. 308.
Guardianship may be .terminated but until terminated the person decreed to be under guardianship is deemed to be insane. Guardianship may be terminated by death, removal, resignation or discharge. Willwerth vs. Leonard, 156 Mass. 277.
In the present case the guardianship was under the decree of May 27, 1930, had not been terminated and was in force and effect on the date of the commencement of the proceedings in the instant case.
The Statute of Limitations was pleaded, and it was shown that no payment had been made by any person, having the power so to do, on account of the promissory note, (the debt in this action) so was a defense to these proceedings.
The Defendant had no power, being under guardianship as an insane person, to waive the Statute of Limitations and the payment made by the insane person on October 20, 1942, while she was still under guardianship did not vacate this defense. See also Parry vs. Parry, 1944 Advanced Sheets 1207.
The court not having committed error entry is to be made on the records of the Central District Court of Northern Essex.
Report dismissed.