## PEOPLE OF THE STATE OF NEW YORK EX REL. CLYDE v. GILCHRIST, PRESIDENT, ET AL., AS MEMBERS OF THE STATE TAX COMMISSION OF THE STATE OF NEW YORK.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 318.   Argued April 17, 1923.—Decided April 30, 1923.

1. Upon error to a state court, when a statute is alleged to impair the obligation of a contract, this Court must decide for itself whether there was a contract and what it was. P. 96.

2. But where the contract claimed is one of tax exemption, involving the taxing system of the State, this Court will be slow to depart from a judgment of the state courts denying it, if no real oppression or manifest wrong result.  P. 97.

3. The New York Mortgage Recording Tax Law, Art. XI, § 251, in providing that payment of the taxes therein provided on recording of mortgages should exempt them and the debts and obligations thereby secured from other taxation; and Art. XV of the Tax Law, as amended by c. 802, N. Y. Laws, 1911, in providing that, upon payment on other secured debts of a tax of ½ of 1% of their face value, and certification by the Comptroller, they should be exempt from all taxation, with specified exceptions,— were not intended to establish contracts with those paying such taxes exempting them from taxation of their income from such debts and mortgages.  Pp. 97, 99.

197 App. Div. 913; 232 N. Y. 550, affirmed.

ERROR to a judgment of the Supreme Court of New York (affirmed by the Court of Appeals) confirming, in a statutory proceeding, an assessment under the state income tax law.

*Mr. Arthur E. Goddard* for plaintiff in error.

*Mr. Carl Sherman,* Attorney General of the State of New York, *Mr. Francis W. Cullen, Mr. James S. Y. Ivins* and *Mr. C. T. Dawes,* for defendants in error, submitted.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a statutory proceeding to recover the amount of taxes for 1919 paid under duress and protest.  As the first step the relator, the plaintiff in error, filed an application for a revision of the tax with the Comptroller of the State.  His determination presented the issue in a few words.  The relator held bonds secured by mortgages upon which latter the mortgage recording tax under Article XI of the Tax Law had been paid.  She also held secured debts upon which a tax had been paid under Article XV of the Tax Law as amended by c. 802 of the

Laws of 1911. An additional assessment was made under the Income Tax Law of 1919, c. 627, on account of the relator's income from these bonds and debts. The relator seems to have contended that if the Income Tax Law imposed the additional assessment it was unconstitutional as impairing the obligation of contracts made by the statutes laying the taxes first mentioned. The Comptroller held that the additional assessment was correct and that no payment was unlawfully exacted. His determination was confirmed by the Appellate Division of the Supreme Court, and the order of the Appellate Division was affirmed by the Court of Appeals. No opinion was delivered by either Court. The case was brought here by writ of error and the defendant in error moved to dismiss on the ground that it does not appear that the judgment below necessarily decided a question that can be brought here in this way. *Cuyahoga River Power Co. v. Northern Realty Co.,* 244 U. S. 300, 304

The position of the relator is that where the ground of judgment does not appear this Court will not assume that the Court below proceeded upon ground clearly untenable, and that therefore if the only one that seems plausible opens a constitutional question raised upon the record, this Court will proceed to deal with it. *Adams v. Russell,* 229 U. S. 353, 358. The only ground suggested by the defendant in error as local is that the decision of the Appellate Division at least is shown to have gone upon the construction of the exempting statutes by an opinion rendered at the same time as the present judgment, to the effect that the exemption of mortgages by the Mortgage Recording Tax Law, if a contract, did not extend to the interest upon the debt. *New York ex rel. Central Union Trust Co. v. Wendell,* 197 App. Div. 131. To this the relator rightly replies that when a statute is alleged to impair the obligation of a contract this Court must decide for itself whether there was a contract

and what it was. *Detroit United Ry.* v. *Michigan,* 242 U. S. 238, 249. *Columbia Water Power Co.* v. *Columbia Electric Street Railway, Light & Power Co.,* 172 U. S. 475, 487. The relator in her petition to the Supreme Court failed to call attention in terms to the provision of the Constitution relied upon. *Harding* v. *Illinois,* 196 U. S. 78, 88. But she set forth that the exemptions claimed were granted by the statutes under which the earlier taxes were fixed, that they were secured for a valuable consideration, the payment of those taxes, and that the subsequent tax upon the income of the bonds and securities violated the provisions of the Constitution of the United States. We shall assume in her favor that Article I, § 10, was sufficiently indicated as the clause upon which she relied.

Nevertheless we are not satisfied that the relator is entitled to prevail. It is apparent that the New York Courts held that there was no contract of the kind that is alleged. It would be extravagant to suppose that they upheld a law admitted to impair the obligation of an admitted contract. The opinion of the Supreme Court shows clearly enough the general nature of the defense sustained. The relator contends and must contend that this is so. While it is true that we are not bound by the construction of the New York statutes by the New York Courts in deciding the constitutional question, yet when we are dealing with a matter of local policy, like a system of taxation, we should be slow to depart from their judgment, if there was no real oppression or manifest wrong in the result. *Troy Union R. R. Co.* v. *Mealy,* 254 U. S. 47, 50.

The Mortgage Recording Tax Law, Article XI, § 251, provides that all mortgages of real property situated within the State that are taxed by that article and the debts and obligations that they secure shall be exempt

from other taxation by the state and local subdivisions. The caution that should be used before interpreting such declarations of legislative policy as promises, even when they manifestly tend and are expected to induce voluntary action, is illustrated in *Wisconsin & Michigan Ry. Co.* v. *Powers,* 191 U. S. 379, 386. *Troy Union R. R. Co.* v. *Mealy,* 254 U. S. 47, 50. But the Appellate Division, in the case that we have cited, while having this caution in mind, preferred to assume without deciding that there was a contract of exemption, but held that it did not extend to this income tax. The Court recognized that for many purposes a tax upon the interest received from a mortgage debt is a tax upon the mortgage; but for the purpose of construing the words of a statute it rightly recognized that a distinction might be taken. That a distinction was intended, or rather that the Legislature had in mind only a tax upon the principal debt or obligation, it deduced from a nice consideration of the words of the statute, which led it to the conclusion that " the dominant idea in the mind of the Legislature was to render mortgagees independent of the action, capricious or otherwise, of local tax officials." Considering that only the principal of mortgages was taxed when the law was passed and that in those days no one thought of an income tax; that any contract of exemption must be shown to have been indisputably within the intention of the Legislature; that it is difficult to believe that the Legislature meant to barter away all its powers to meet future exigencies for the mere payment of a mortgage recording tax; and that a tax upon the individual measured by net income might be regarded as one step removed from a tax on the capital from which the income was derived, *Peck & Co.* v. *Lowe,* 247 U. S. 165, 175; it held that there was no promise that the present tax should not be imposed. With regard to the mortgages the conclusion does not seem to us very difficult to reach. The State did not need to offer a bar-

gain to induce mortgagees to record their deeds. *Federal Land Bank of New Orleans* v. *Crosland,* 261 U. S. 374.

The provision as to the tax on secured debts other than the foregoing is to the effect that any person may send them or a description of them to the Comptroller and may pay a tax of one-half of one per centum on the face value and that thereupon the Comptroller by indorsement or receipt shall certify that they are exempt from taxation and that thereafter they shall be exempt from all taxation in the State or local divisions of the State with certain specified exceptions. Laws of 1911, c. 802, § 331. This is an alternative to a tax, at such rate as may be fixed, on the fair. market value of the security. § 336. There is an argument that it relates only to the year for which payment is made, and, although for reasons indicated in *Wisconsin & Michigan Ry. Co.* v. *Powers, supra,* consideration seems to be of little importance except as bearing on interpretation, that the payment of an alternative tax is consideration for exemption from nothing except its alternative. On the other hand the provision for an indorsement upon the security hardly is reconcilable with less than a permanent exemption; it is said that so the law generally has been understood; and the ground taken by the Appellate Division in the case that we have cited indicates that they were not prepared to deny that the exemption even of mortgages looked beyond the year. In the absence of further opinion it seems fair to assume that the Appellate Division and the Court of Appeals decided against the exemption for the reasons stated in *New York ex rel. Central Union Trust Co.* v. *Wendell,* 197 App. Div. 131; of which we have given a summary. As we said at the outset we ought to be slow to depart from the judgment of the Courts of the State in a case like this and we accept their conclusion also with regard to secured debts. We are not prepared to say that the judgment was wrong and therefore it is affirmed.

*Judgment affirmed.*