**UNITED STATES ex rel. WEBER v. MEYERING, Sheriff.**

**No. 5023.**

Circuit Court of Appeals, Seventh Circuit.

July 27, 1933.

W. G. Anderson, of Chicago, Ill., for appellant.

Wm. J. Flaherty, of Chicago, Ill., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and WILKERSON, District Judge.

EVANS, Circuit Judge.

Appellant petitioned the District Court for a writ of habeas corpus alleging that he was confined in the county jail of Cook County, Illinois, under a writ of capias ad satisfaciendum issued out of the office of the Clerk of the Circuit Court of Cook County upon default of the payment of a judgment of $2,500 awarded one Saliba for personal injuries as a result of petitioner's action.

Petitioner alleged that he had applied for a writ of habeas corpus to the Superior Court of Cook County and that his petition was denied; that he had, with like results, sought in the Supreme Court of Illinois his release from imprisonment. He also alleged that he had applied to the County Court of Cook County, Illinois, under the Insolvent Debtors' Act (Smith-Hurd Rev. St. Ill. 1933, c. 72, §

1), but after a hearing, the prayer of his said petition was also denied. The District Court, in its order denying the petition, set forth the issues in the following words:

"This cause coming on to be heard upon the Petition and Supplemental Petition and the Motion of the Relator for the issuance of a Writ of Habeas Corpus, and it having been stipulated in open Court by counsel for the Relator, and by counsel for the Respondent, that the judgment of the State Court referred to in the Petition for Writ of Habeas Corpus, was rendered upon the Second and Fourth counts only of the Declaration, copy of which is attached to the Relator's Petition; that the Judge of the State Court sitting as a Jury found that the Relator was guilty as charged in the Second and Fourth counts, and also made a special finding as follows: 'The Court finds from the evidence that the defendant, William Weber, was driving said automobile in a willful and wanton manner.' That judgment was rendered upon said findings against the Relator, whereupon, the Writ of said State Court, a copy of which is attached to Relator's Petition, issued on said judgment, and Relator is held by Respondent by virtue of said Writ and not otherwise; and the Court having heard arguments of counsel and being fully advised in the premises DOTH ORDER that the Petition and Supplemental Petition of the Relator for the issuance of a Writ of Habeas Corpus, be and the same are hereby denied, * * *."

■ Appellant contends that the Illinois Statute, Chapter 77, paragraph 5 (Smith-Hurd Rev. St. Ill. 1933, c. 77, § 5) is unconstitutional and that imprisonment for non-payment of a judgment entered in a civil action is limited to those instances provided for by article 2, section 12, of the Illinois Constitution. The contrary has been held by the Supreme Court of Illinois. People v. Walker, 286 Ill. 541, 122 N. E. 92. The construction of the Illinois statutes and the Illinois Constitution by that court is binding upon us except where the statutes conflict with some provision of the Federal Constitution. Gasquet v. Lapeyre, 242 U. S. 367, 37 S. Ct. 165, 61 L. Ed. 367..

■ Paragraphs 4 and 5 of chapter 72 of the Insolvent Debtors' Act (Smith-Hurd Rev. St. 1933, c. 72, §§ 1, 2) read as follows:

4. "That the county courts shall have exclusive original jurisdiction in their respective counties in all applications for discharge from arrest or imprisonment under the provisions of this Act, and shall be held to be always

open and in session for the hearing of such applications."

5. "When any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, *or in any civil action when malice is not the gist of the action,* or when any debtor is surrendered or committed to custody by his bail in any such action, or is arrested or imprisoned upon execution in any such action, such person may be released from such arrest or imprisonment upon complying with the provisions of this Act."

From a reading of the two paragraphs it will be seen that the only instance wherein the County Court will not deny a discharge from imprisonment is upon a showing that the judgment was entered in a civil action wherein malice is the gist of the action. In the instant case, appellant alleges that he applied to the County Court for a discharge and was given a hearing on his petition and was denied relief after such hearing. He would have been entitled to a discharge had he been able to show that malice was not the gist of the action. Whether malice was the gist of the action was, therefore, the sole issue for determination by the County Court. At least the petition before us contains allegations from which such inferences are deducible, and it was for the petitioner to allege the facts which entitled him to the writ. From the judgment of the County Court, petitioner took no appeal. He therefore became bound by the determination of that court upon the single issue presented to it.

Whether such determination is binding upon this court because of Rule 30 of the General Orders in Bankruptcy (11 USCA § 53) is not entirely free from doubt.

Material portions of Rule 30 read as follows:

"* * * If the bankrupt or debtor, during the pendency of said proceedings be arrested or imprisoned upon process in any civil action, the district court, upon his application, may issue a writ of habeas corpus to bring him before the court to ascertain whether such process has been issued for the collection of any claim provable under the Act, and if so provable he shall be discharged; * * *."

"Provable claim" as there used, we think, is synonymous with dischargeable debt. A bankrupt, under section 35, 11 USCA, cannot obtain a discharge from liability "for willful and malicious injuries to the person or property of another." The Supreme Court of Illinois in Buck v. Alex, 350 Ill. 167, 182 N. E. 794, 797, in speaking of malice, said:

"* * * The term 'malice,' as used in the Insolvent Debtors Act, applies to that class of wrongs which are inflicted with an evil intent, design, or purpose, implies that the guilty party was actuated by improper or dishonest motives, and requires intentional perpetration of an injury or wrong on another."

The test, therefore, which the County Court was required to make was exactly the same as we are required to make in determining whether a bankrupt's discharge covers "willful and malicious injuries to the person or property of another."

This being the situation, it seems that we have before us a case where a court of competent jurisdiction, having the parties before it, tried and determined an issue which is the precise one which one of the litigants asks us now to retry.

Under the circumstances, we conclude that the decision of the County Court is res judicata of the issue which appellant asks us to decide anew.

The order dismissing the petition for the writ of habeas corpus is

Affirmed.