BODE, Respondent, vs. FLYNN and others, Appellants.

*December 4, 1933—January 9, 1934.*

For the appellants there were briefs by *Coleman & Barry,* attorneys, and *James E. Coleman* of counsel, and oral argument by *Donald H. Haider,* all of Milwaukee.

For the respondent there was a brief by *Joseph L. Gottschlich,* attorney, and *Harold Bode* of counsel, both of Kenosha, and oral argument by *Mr. Bode.*

FOWLER, J. The case involves recovery for injuries to person and property sustained in a collision in Wisconsin between an automobile of non-residents and the automobile of the plaintiff, who is a resident of the state, which occurred on November 1, 1925. The action was not begun until May 28, 1932, when a summons and complaint were filed in the office of the secretary of state pursuant to sec. 85.05 (3), Stats. The only point raised by the appellants is whether the six-year statute of limitation had run prior to the commencement of the action. The respondent by motion to review asks reversal of the ruling of the trial court that the action to recover for personal injuries is barred for failure to serve a notice of injury within two years as required by sec. 330.19 (5), Stats.

The appellants claim that sec. 85.05 (3), Stats., which makes the secretary of state the attorney of a non-resident upon whom summons and complaint may be served in an

action growing out of his use of an automobile on the highways of the state, takes the defendants out of sec. 330.30, Stats., which is to the general effect that when a person is out of the state when a cause of action accrues against him the statute of limitation does not commence to run until he comes into or removes to the state, and leaves the limitation statute applicable in his favor. The argument is that the purpose of the limitation statute is to give the claimant six years in which to bring this suit; and the purpose of exempting the period of absence from the state is to give the claimant the full period from the time he may commence his suit; and these purposes are fully effected by the statutory provision for commencing suit by service of process upon the secretary of state. The respondent claims that the decision of this court in *State v. National Accident Society,* 103 Wis. 208, 79 N. W. 220, rules the point against the appellants.

The case relied on by respondent was decided in 1899. The action was brought by the state against a foreign insurance corporation after it had withdrawn from the state to recover the license fees for previous years during which it had been licensed to do business therein. When the action was begun more than six years had elapsed since the first fee involved was payable. When the cause of action for this license fee accrued, the statutes of limitation were as contained in R. S. 1878. The section of those statutes applying to actions to recover for injuries to persons and property, and the statutes applying to persons without the state when the cause of action accrued, so far as here material, except in particulars later mentioned, were the same as the present statutes: sec. 4222, par. 5, R. S. 1878, sec. 330.19 (5), Stats. 1931; sec. 4231, R. S. 1878, sec. 330.30, Stats. 1931. The latter statutes provide that "If when the cause of action shall accrue against any person he shall be out of this state, such action may be commenced within the terms herein

respectively limited after such person shall return to or remove to this state." During the period wherein the license fees sued for were payable, sec. 1915, par. 2, Stats. 1898, made the insurance commissioner the attorney of foreign insurance companies licensed to do business in the state upon whom legal process might be served. The court stated that it was "not unmindful of the doctrine that when a corporation, pursuant to a statutory requirement, maintains an attorney in the state upon whom process can be served, . . . (it) is a resident of the state for all purposes of litigation and therefore entitled to the benefit of exemption (general limitation) statutes." But the court held that notwithstanding the fact that the state might have commenced an action against the insurance company by serving a summons upon the insurance commissioner at any time during the period involved, the statute of limitation did not apply in its favor because "by sec. 4231, R. S. 1878, it is excluded from the benefits of exemption (general limitation) statutes." It was considered that the case of *Travelers' Ins. Co. v. Fricke,* 99 Wis. 367, 74 N. W. 372, 78 N. W. 407, determined that the statute of limitation did not apply in favor of foreign corporations, although the statute as to service upon them was as above stated. The court says that if this were not otherwise correct, the 1897 amendment of the 1878 statute, not contained in the statute when the *Travelers' Ins. Co. Case, supra,* was decided, made it so. This amendment provided that the provision that actions might be brought against non-residents "returning to or removing to" the state, within the statutory period after their return or removal, should not apply to foreign corporations maintaining a manufacturing plant in the state which had appointed a resident of the state upon whom process might be served. The argument in this respect was that the special exclusion of one class of corporations from operation of the statute indicated a legislative intent that no other class of corporations should be excluded.

The same reasoning would leave non-resident natural persons within sec. 330.30, even if they had, as now by virtue of sec. 85.05 (3), a person within the state upon whom service of summons and complaint might be made, and thus make the present action maintainable.

To construe the statute as appellants contend we must, as stated in *State v. National Accident Society, supra,* read into sec. 330.30 words that are not there. The statute says, "If when a person is out of the state when the cause of action accrues" the statute shall not run until he shall "return to or remove to" the state. The defendants, except Jensen, were out of the state when the cause of action against them accrued. They have not removed to or returned to the state since. As to Jensen, president of the defendant labor union, he was in the state when the action accrued, but he immediately left the state and has not "returned to or removed to" the state since. The legislature could, had it seen fit, have amended the statute as it did to corporations owning manufacturing plants, etc., so as to cover all persons and all other corporations when a person representing them resided in the state upon whom service might be procured, but it has never done so. This leaves non-resident natural persons, as well as non-resident corporations not excepted by the 1897 amendment, not entitled to the benefit of the statute of limitation although they have designated residents of the state as their attorneys upon whom process may be served.

The appellants claim that the cases above discussed do not apply because the defendants therein were corporations, and not citizens within the meaning of sec. 2, art. IV, of the United States constitution, which provides that "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." The defendants are natural persons, citizens of Illinois. They claim that the defense of the statute of limitation, like the right to bring suit, is a privilege within this constitutional provision,

and that to deny them this privilege is to deny them a privilege which citizens of Wisconsin enjoy, and violates their constitutional rights. Counsel for the appellants has not cited any authorities in support of this proposition but has been content with the mere statement of it.

That corporations are not entitled to the protection afforded to citizens of a state by the constitutional provision cited is of course true. It is also true that a state may not deny a citizen of another state the privilege of suing in its courts. *Canadian Northern R. Co. v. Eggen,* 252 U. S. 553, 560, 40 Sup. Ct. 402. The defendants therefore are entitled under the citizenship clause of the federal constitution to sue in the courts of Wisconsin. But does it follow from this that they are entitled under that clause to interpose the defense of the statute of limitations because residents of the state may interpose that defense?

Only "fundamental" privileges are protected by the provision relied on. *Blake v. McClung,* 172 U. S. 239, 248, 19 Sup. Ct. 165; *Canadian Northern R. Co. v. Eggen, supra,* at p. 560. The privileges covered are privileges of citizenship. The supreme court of the United States has declined to attempt to define what are such privileges, but has left the question whether any privilege claimed is such to be determined when the question arises. *Conner v. Elliot,* 18 How. 591, 593. We do not find that the right to assert the defense of the statute of limitation has ever been held to be such a privilege. It is said in the *Canadian Northern R. Co. Case, supra,* at p. 561:

"From very early in our history, requirements have been imposed upon non-residents in many, perhaps in all, of the states as a condition of resorting to their courts, which have not been imposed upon resident citizens."

It is also said of the holding of the circuit court of appeals involved in that case, p. 561,—and the same may be said of

the contention of appellant under consideration,—that the holding "comes to this: that the privilege and immunity clause of the constitution guarantees to a non-resident precisely the same rights in the courts of a state as resident citizens have, and that any statute which gives him less, . . . is unconstitutional and void. Such a literal interpretation of the clause cannot be accepted." This is said of non-resident plaintiffs, but would seem to apply as well to non-resident defendants.

The Wisconsin statute, now sec. 330.30, has been before the supreme court of the United States in a case involving the rights of non-resident plaintiffs under the statute. It is said in the opinion in that case that the statute is constitutional because—

. . . "a personal obligation is due at the domicile of the obligee. It is the duty of the debtor to seek the creditor, and pay him his debt at the residence of the latter. Not doing this, he is guilty of laches against the law of the creditor's domicile, as well as his own. But he evades this law by absenting himself from the jurisdiction. As long as he does this, the statute of limitations of that jurisdiction ought not to run to the creditor's prejudice." *Chemung Canal Bank v. Lowery,* 93 U. S. 72, 77.

This is the only pronouncement of the supreme court of the United States upon the point that we are able to find. The reason given, as we understand the statement quoted, applies although the debtor (non-resident defendant) is subject to service of process under sec. 85.05 (3), Stats. The defendants, by absenting themselves from this state, evaded the law requiring them to seek the plaintiff at his residence and settle with him for his damages, and are not therefore entitled to the benefit of the statute of limitation.

Perhaps it is sufficient refutation of the contention under consideration to say that were the defendants citizens of this state, and had they absented themselves from the state ever

since the cause of action accrued, they would not be entitled to the benefit of the statute of limitation under sec. 330.30. Therefore the defendants as citizens of Illinois are in the same situation that citizens of Wisconsin would be under the same circumstances of absence from this state, and are not denied a privilege that a citizen of the state would have under the same circumstances. The statute does not relate to the privileges of citizens, as such, but to the privileges of persons absent from the state, whether they be residents of the state or citizens of the state or not. We are of opinion that the appellants' position cannot be maintained.

As to the point raised by the motion to review, the claim of respondent is that a complaint was served in another action upon the defendant Jensen, who is a member of the defendant labor union, and that this operated as the notice of the claim required by sec. 330.19 (5) against all of the defendant members. But the statute requires that the notice of claim shall state the grounds of the claim and that "satisfaction thereof is claimed of such person or corporation." The complaint served upon Jensen stated that satisfaction of the claim was demanded of Jensen, as the owner and operator of the car. The complaint was not grounded on the fact that the defendant labor union and its members were owners of the car, and it did not claim satisfaction against the union or its members. This rules the point against the respondent.

*By the Court.*—The judgment of the circuit court is affirmed.