**UNITED STATES ex rel. BLACKLIDGE v. TOMAN, Sheriff.**

**No. 5509.**

Circuit Court of Appeals, Seventh Circuit.

July 13, 1935.

Rehearing Denied Sept. 19, 1935.

Herbert M. Wetzel, W. J. Earley, and Eugene P. Meegan, all of Chicago, Ill., for appellant.

Murphy O. Tate, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

**PER CURIAM.**

This appeal is from an order discharging a writ of habeas corpus and remanding the relator, Myrtle T. Blacklidge, to the custody of the sheriff of Cook county.

Susanne Nottingham obtained a judgment against relator for $7,500 in the superior court of Cook county upon a declaration consisting of two counts. The first count charged relator with maliciously and wickedly alienating the affections of plaintiff's husband, and the second charged her with wickedly and maliciously engaging in acts of criminal conversation with plaintiff's husband. After judgment, relator was arrested on a capias, and she petitioned the county court of Cook county, Ill., under the Illinois Insolvent Debtors Act (Smith-Hurd Ann. St. Ill. c. 72, § 1 et seq.), to be released from her imprisonment. The county court dismissed her petition. This judgment was affirmed on appeal. Petition of Blacklidge, 359 Ill. 482, 195 N. E. 3. Relator thereupon filed a voluntary petition in bankruptcy in the United States District Court for the Northern District of Illinois and then sought to restrain the sheriff of Cook county from taking her into custody. Thereafter, she filed a petition for habeas corpus. The District Court denied the restraining order and at the same time discharged the writ of habeas corpus. This appeal is from the order in the habeas corpus proceedings.

We deem it unnecessary to discuss the questions presented by relator for the reason that they have been presented, considered, and decided adversely to her position in United States ex rel. Weber v. Meyering (C. C. A.) 66 F.(2d) 347, and Tinker v. Colwell, 193 U. S. 473, 24 S. Ct. 505, 48 L. Ed. 754.

The reported very recent approval by the Governor of an enactment by the Illinois Legislature amending or repealing that part of the Illinois Insolvent Debtors Act which excepts from its operation persons imprisoned upon execution in any civil action when malice is the gist of the action, if verified and applicable to cases wherein such a judgment was previously rendered, will not affect the situation here. The effect of such a statute upon the right to further imprison this relator is for the proper officials and courts of Illinois to determine.

The order of the District Court is affirmed.