ZALATUKA v. METROPOLITAN LIFE INS. CO.

No. 5931.

Circuit Court of Appeals, Seventh Circuit.

April 8, 1937.

Rehearing Denied June 19, 1937.

Walter W. Hammond and Ernest E. Jones, both of Kenosha, Wis., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

Appellant, a resident of Wisconsin, sued appellee, a New York life insurance company which is licensed to do business in Wisconsin, on the double indemnity provision of a policy wherein her husband was the insured. He died January 27, 1927, and suit was commenced in August, 1935, and removed to the Federal court, September 27, 1935. The insurer demurred to the complaint on the ground that the suit was not begun within the six year limitation provided by Wisconsin Statutes 330.-19.[1] The trial court sustained the demurrer and dismissed the complaint on the ground that the company was entitled to the benefit of the six year statute of limitations. It rejected the appellant's contention that the six year statute of limitations was defeated or made nonapplicable by a so-called out of state proviso, which is reproduced in the margin.[2]

The Wisconsin Supreme Court has interpreted section 330.30 to apply to foreign corporations, although licensed to do business in the state. Travelers' Ins. Co. v. Fricke, 99 Wis. 367, 74 N.W. 372, 78 N. W. 407, 41 L.R.A. 557; State v. National Accident Soc., 103 Wis. 208, 79 N.W. 220; Bode v. Flynn, 213 Wis. 509, 252 N.W. 284, 94 A.L.R. 480.

The District Judge conceived the interpretation of the statute of limitations to involve a question of denial of equal pro-

Geo. W. Taylor, of Kenosha, Wis. (Matt Taylor, of Kenosha, Wis., of counsel), for plaintiff.

[1] "330.19 *Within six years; foreign limitation; notice of injury.* Within six years: * * *

"(3) An action upon any other contract, obligation or liability, express or implied, except those mentioned in sections 330.16 and 330.18."

[2] "330.30 *Limitation when person out of state.*

"If when the cause of action shall accrue against any person he shall be out of this state such action may be commenced within the terms herein respectively limited after such person shall return or remove to this state. But the foregoing provision shall not apply to any case where, at the time the cause of action shall accrue, neither the party against or in favor of whom the same shall accrue is a resident of this state; and if, after a cause of action shall have accrued against any person, he shall depart from and reside out of this state the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action; provided, that no foreign corporation which owns or operates within this state a manufacturing plant and which shall have filed with the secretary of state, duly executed by its president and secretary and to which its corporate seal is attached, an instrument appointing a resident of this state its attorney for it and on its behalf to accept service of process in all actions commenced against it upon causes of action arising in this state, shall be deemed a person out of this state within the meaning of this section."

tection of the laws to the foreign corporation, under the Fourteenth Amendment to the Federal Constitution, and therefore determined that the state supreme court's construction was not binding on the Federal court and so proceeded to construe the statute in the light of the Fourteenth Amendment. He determined that the proviso rendering inapplicable the six year limitation to persons without the state did not govern the instant situation because, as he viewed the facts, the company was not a "person out of the state." He said:

"I adopt the view that foreign corporations * * * like the defendant in this case, when present as persons within a state and obediently to its laws are 'to be dealt with pro hac vice as * * * domestic corporations,' and 'may not with reason be held to be absent * * *.' Their foreign origin and status no longer really and substantially differentiates them from domestic corporations, and is not germane to classifying them as 'absent' or 'out of the state,' within the meaning of limitations laws."

Without elaborating our views, we state our conclusions which are:

■ The *construction* of the Wisconsin statute by the Wisconsin Supreme Court is binding on this court. Coombes v. Getz, 285 U.S. 434, 52 S.Ct. 435, 76 L.Ed. 866; Hicklin v. Coney, 290 U.S. 169, 54 S.Ct. 142, 78 L.Ed. 247; Chase Nat. Bank v. Norwalk, 291 U.S. 431, 54 S.Ct. 475, 78 L.Ed. 894; Burns Mortg. Co. v. Fried, 292 U.S. 487, 54 S.Ct. 813, 79 L.Ed. 1380, 92 A.L.R. 1193; Marine Nat. Exchange Bank v. Kalt-Zimmers Mfg. Co., 293 U.S. 357, 55 S.Ct. 226, 79 L.Ed. 427; Georgia Ry. Co. v. Decatur, 295 U.S. 165, 55 S.Ct. 701, 79 L.Ed. 1365; People of State of Illinois ex rel. Cusick v. Whipp (C.C.A.) 73 F.(2d) 254; In re Martin (C.C.A.) 75 F.(2d) 618; Sterling v. Constantin, 287 U.S. 378, 53 S. Ct. 190, 77 L.Ed. 375; U. S. v. Meyering (C.C.A.) 66 F.(2d) 347, 351; Gresham v. Leslie (C.C.A.) 50 F.(2d) 900.

The Wisconsin Supreme Court has construed the above quoted section 330.30 to apply to foreign insurance companies licensed to do business in Wisconsin. State v. Nat. Accident Soc. of N. Y., 103 Wis. 208, 79 N.W. 220; Travelers' Ins. Co. v. Fricke, 99 Wis. 367, 74 N.W. 372, 78 N. W. 407, 41 L.R.A. 557.

■ Whether the Wisconsin statute as thus construed by the Wisconsin Supreme Court conflicts with the Federal Constitution raises a question for our determination when properly presented. The decision of the Wisconsin Supreme Court on such question is not conclusive. Coolidge v. Long, 282 U.S. 582, 51 S.Ct. 306, 75 L. Ed. 562; Oklahoma City v. Dolese (C.C. A.) 48 F.(2d) 734; U. S. v. Meyering (C. C.A.) 66 F.(2d) 347; American Bank & Trust Co. v. Hon (C.C.A.) 48 F.(2d) 588; Lacoste v. Dept. of Conservation, 263 U.S. 545, 44 S.Ct. 186, 68 L.Ed. 437; Northern Cent. R. Co. v. Maryland, 187 U.S. 258, 23 S.Ct. 62, 47 L.Ed. 167; Citizens' Sav. Bank v. Owensboro, 173 U.S. 636, 19 S.Ct. 530, 43 L.Ed. 840; People of State of New York v. Gilchrist, 262 U.S. 94, 43 S.Ct. 501, 67 L.Ed. 883; Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220.

Whether section 330.30 as construed by the Wisconsin Supreme Court conflicts with the Federal Constitution turns on the state legislature's power to deny a six year statute of limitation to a foreign corporation licensed to do business in the state of Wisconsin when such statute is recognized as a bar to the prosecution of an action against a domestic corporation.

Is such a distinction a denial of equal protection?

Our inquiry is narrowed by the decision of the court in Metropolitan Casualty Insurance Co. v. Brownell, 294 U.S. 580, 55 S.Ct. 538, 540, 79 L.Ed. 1070. We are required to apply that decision to the slightly different facts of the instant case. In the Metropolitan Casualty Insurance Company Case, the court said:

"It is a salutary principle of judicial decision, long emphasized and followed by this Court, that the burden of establishing the unconstitutionality of a statute rests on him who assails it, and that courts may not declare a legislative discrimination invalid unless, viewed in the light of facts made known or generally assumed, it is of such a character as to preclude the assumption that the classification rests upon some rational basis within the knowledge and experience of the legislators."

The court further said:

"A statutory discrimination will not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it. Rast v. Van Deman & Lewis Co., 240 U.S. 342, 357, 36 S.Ct. 370, 60 L.Ed. 679, L.R.A. 1917A, 421, Ann.Cas.1917B, 455; State

Board of Tax Commissioners v. Jackson, 283 U.S. 527, 537, 51 S.Ct. 540, 75 L.Ed. 1248, 73 A.L.R. 1464."

■ The validity of the statute in question comes before us on a demurrer to the plaintiff's complaint. If for no other reason the judgment must be reversed for failure to receive evidence bearing upon the reasonableness of the legislation which favors domestic over foreign corporations. Unless the plaintiff is willing to waive the opportunity to offer evidence in support of the reasonableness of the legislative judgment expressed by the statute in question, she should be permitted to show any and all pertinent facts bearing thereon. Such a rule will in many cases, no doubt bar the use of a demurrer or motion to dismiss, as a method of challenging the validity of legislation such as that under consideration. Defendant may, however, raise its defense through an answer or a plea in abatement. In view of the Metropolitan Casualty Insurance Company opinion, the constitutionality of the statute here under consideration necessitates a study of the facts which furnish a background for such legislation.

■ As we construe the opinion in Metropolitan Casualty Insurance Co. v. Brownell, 294 U.S. 580, 55 S.Ct. 538, 79 L.Ed. 1070, the state legislature may distinguish between domestic and foreign insurance companies for the purpose of determining the time within which suits on insurance policies may be instituted or be forever barred. In view of this distinction we cannot say, on demurrer, that a six year statute of limitations defense applicable to a domestic corporation may not be withheld from a foreign corporation.

In support of such legislation it may be said that the foreign corporation is not entirely remediless against the evils of which it complains, to-wit, the possible disappearance of witnesses and the loss of proof of facts surrounding the insured's death. For it could insert in its insurance policies a valid provision requiring the beneficiaries to make a written claim within a designated time.

■ Neither may a foreign insurance company complain because it is not promptly sued. Its prejudice, if any, which arises by virtue of section 330.30, is due to the fact that after the lapse of many years, witnesses who might testify to the circumstances surrounding the death may die or disappear. This objection may be avoided by a suit in equity brought by the insurance company to restrain the collection of any sum under the accident provision of the policy. American Life Insurance Company v. Stewart et al., 57 S.Ct. 377, 81 L.Ed. ——, decided February 1, 1937; Harnischfeger Sales Corporation v. National Life Co. (C.C.A.) 72 F.(2d) 921; Perkins v. Prudential Insurance Co. (C.C.A.) 69 F.(2d) 218.