**William GLOBIG, Jr., Plaintiff,**

v.

**GREENE & GUST CO., a foreign corporation, Defendant,**
and
**Burton Plumbing-Heating Co., Inc., a foreign corporation, Defendant and Third-Party Plaintiff,**
and
**ARMSTRONG CORK COMPANY, a foreign corporation, and United States of America, Third-Party Defendants.**

No. 59–C–153.

United States District Court
E. D. Wisconsin.
April 13, 1961.

See, also, D.C., 184 F.Supp. 530.

Albert J. Goldberg and Richard M. Goldberg, Milwaukee, Wis., for plaintiff.

Suel O. Arnold and James P. O'Neill, Milwaukee, Wis., for defendant, Greene & Gust Co.

Jack R. Wiedabach, Milwaukee, Wis., for defendant and third-party plaintiff, Burton Plumbing-Heating Co., Inc.

George D. Young, Milwaukee, Wis., for third-party defendant, Armstrong Cork Company.

Edward G. Minor, U. S. Atty., by Howard C. Equitz, Asst. U. S. Atty., Milwaukee, Wis., for third-party defendant, the United States.

GRUBB, District Judge.

Defendant, Burton Plumbing-Heating Co., Inc. (hereafter referred to as "Burton"), has moved to dismiss this action, or in lieu thereof to quash the return of the summons on the ground that there was no compliance with Section 180.847 (4), Wis.Stats.(1957).[1]

1. 180.847(4)—"A foreign corporation transacting business or acquiring, holding or disposing of property in this state without a certificate of authority, if a certificate of authority is required under this chapter, shall by so doing be deemed to have thereby appointed the secretary of state as its agent and representative upon whom any process, notice or demand may be served in any action or proceeding arising out of or relating to any business so transacted, or property acquired, held or disposed of within this state. Service of such process, notice or demand shall be made by serving a copy upon the secretary of state or by filing such copy in his office, and such service shall be sufficient service upon said foreign corporation, provided that notice of such service and a copy of the process, notice or demand are within 10 days thereafter sent by mail by the plaintiff to the defendant at its last known address, and that the plaintiff's affidavit

Burton's motion to dismiss the action is further predicated on the ground that the applicable statute of limitations has allegedly barred the plaintiff's cause of action.

It is conceded that plaintiff did not comply with Section 180.847(4), which relates to substituted service of process on foreign corporations transacting business in Wisconsin without a certificate of authority. Plaintiff served copies of the summons and complaint on the Secretary of State of Wisconsin as the statute required. He also mailed to Burton a copy of the complaint, as well as notice of service on the Secretary of State, within the ten day period set by the statute. However, plaintiff failed to mail to Burton a copy of the summons as required by the statute. According to Burton, the statute of limitations on plaintiff's cause of action expired approximately one month after plaintiff had served the Secretary of State.

After receiving an extension of time in which to answer,[2] Burton filed its answer on October 13, 1959, one and a half months after the statute of limitations had allegedly run on plaintiff's cause of action.

In its answer, Burton raised a defense going to the merits of the case and also a defense going to the jurisdiction of the court over Burton. On the same date that it filed its answer, Burton filed a third-party complaint against Armstrong Cork Company. On April 9, 1960, Burton and its codefendant took a discovery deposition of the plaintiff, and on March 25 and April 22, 1960, Burton took depositions of persons connected with the third-party defendant, Armstrong Cork Company. One week later Burton served a third-party summons and complaint on the United States of America.

Two issues are presented:

1. Has the statute of limitations expired on plaintiff's cause of action against Burton?

2. Did Burton's third-party actions constitute a waiver of the jurisdictional defense which it had made in its answer?

■ According to the complaint, plaintiff was injured on August 28, 1953. Section 330.19(5), Wis.Stats. (1953),[3] fixes the period of limitation on plaintiff's cause of action at six years. Because in Wisconsin the statute of limitations is tolled as of the date the summons is served, that date, and not the date the complaint is filed, governs the issue of whether the statute of limitations has run on an action commenced in a federal district court. Ragan v. Merchants Transfer & Warehouse Co., 1949, 337 U. S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. As mentioned, plaintiff has never served a summons on Burton. Consequently, the statute of limitations on plaintiff's cause of action would seem to have expired.

Plaintiff argues that Section 330.30, Wis.Stats. (1953),[4] has tolled the statute

of compliance herewith is appended to the process, notice or demand. The secretary of state shall keep a record of all such processes, notices and demands which shows the day and hour of service."

2. The extension of time in which to answer was granted by the court on Burton's motion which was served on the plaintiff and was unopposed by him.

3. 330.19—"*Within 6 years; foreign limitation; 2-year and one-year notices of injury or damage.* Within 6 years: * * * (5) An action to recover damages for * * * an injury to the person, character or rights of another, not arising on contract, except in case where a different period is expressly prescribed. * * * No action to recover damages for an injury to the person shall be maintained unless, within 2 years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation."

4. 330.30 "*Limitation when person out of state.* If when the cause of action shall

of limitations as against Burton. Section 330.30 tolls the statute of limitations against persons who are out of the state at the time that the cause of action accrues against them. One exception to the tolling is the case of a foreign corporation which is registered and authorized to do business in Wisconsin. Plaintiff contends that Burton, being a nonregistered foreign corporation, was at all times pertinent to this suit out of the state within the meaning of Section 330.-30 and that, therefore, the statute of limitations has not yet begun to run on plaintiff's cause of action against Burton.

Burton claims that the purpose of Section 330.30 was to toll the statute of limitations where a Wisconsin resident could not get service in Wisconsin on a nonresident. Since plaintiff could have gotten substituted service on Burton through Section 180.847(4),[5] Section 330.30 is not applicable.

The Wisconsin law favors plaintiff's contention. In Bode v. Flynn, 1934, 213 Wis. 509, 252 N.W. 284, 94 A.L.R. 480, the court held that Section 330.30 tolled the statute of limitations on the plaintiff's cause of action, notwithstanding that the plaintiff could have served the nonresident defendant motorist by serving the Secretary of State under the statute which subsequently became Section 85.05(3).[6]

According to the notes of the Legislative Revision Committee, 1951, Section 180.847(4) is similar to Section 85.05 (3).[7] Consequently, the Bode case is applicable to this situation involving Section 180.847(4), unless Section 330.30 was changed so as to alter the effect of the Bode decision.

It is sufficient to say that the changes in Section 330.30 since the Bode opinion further support plaintiff's argument.[8]

accrue against any person he shall be out of this state such action may be commenced within the terms herein respectively limited after such person shall return or remove to this state. But the foregoing provision shall not apply to any case where, at the time the cause of action shall accrue, neither the party against or in favor of whom the same shall accrue is a resident of this state; and if, after a cause of action shall have accrued against any person, he shall depart from and reside out of this state the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action; provided, that no foreign corporation which shall have filed with the secretary of state, or any other state official or body, pursuant to the requirements of any applicable statute of this state, an instrument appointing a registered agent as provided in chapter 180, a resident or any state official or body of this state, its attorney or agent, on whom, pursuant to such instrument or any applicable statute, service of process may be made in connection with such cause of action, shall be deemed a person out of this state within the meaning of this section for the period during which such appointment is effective, excluding from such period the time of absence from this state of any registered agent, resident agent or attorney so appointed who shall

have departed from and resided outside of this state."

5. See footnote "1."

6. Section 85.05(3), Wis.Stats. (1951), is presently Section 345.09, Wis.Stats. (1959).

7. Revision Committee Note, 1951—" * * (4) is new and is for the benefit of residents of the state who do business with a foreign corporation that has not obtained a certificate of authority by permitting service on such foreign corporation through service on the secretary of state. This subsection is similar to 85.05(3) whereby a nonresident driver of a motor vehicle through the use of the highways appoints the commissioner of the motor vehicle department his attorney for service. A similar provision is contained in the laws of several other states."

8. Subsequent to the Bode case, the Wisconsin legislature amended Section 330.30 so as to toll the statute of limitations against foreign corporations which had registered in Wisconsin and thereby appointed a registered agent as provided in Chapter 180, Wis.Stats. The legislature did not remove from Section 330.30 corporations which could be served under other statutes, such as Sections 85.05 (3) and 180.847(4). This interpreta-

548

Although the Bode case is the minority rule in the United States, it is binding on this court unless it conflicts with the Constitution of the United States. Zalatuka v. Metropolitan Life Ins. Co., 7 Cir., 1937, 90 F.2d 230, 232. Burton charges that the Bode construction applied to this case would be a denial of the equal protection of the laws.

■ On the basis of the record in this case, the court cannot say as a matter of law that the distinction made by the Wisconsin legislature regarding the tolling of the statute of limitations between registered and nonregistered corporations is arbitrary and, therefore, unconstitutional. A corporation does business in a state not under color of right but because of a privilege granted to it by that state. In granting this privilege, a state can require that a corporation fulfill certain prerequisites. One of the prerequisites generally found in all states is the requirement that a corporation procure a certificate of authority before it transacts business in that state. The fact that a foreign corporation has not received authority to do business in a state is on its face sufficient to constitutionally justify a distinction between authorized and unauthorized foreign corporations insofar as the statute of limitations runs as to causes of action against the former and is tolled as to causes against the latter. This

would seem to be a penalty which the state exacts in order to induce the registering of foreign corporations doing business within the state, thereby promoting the state's ability to regulate such corporations.

■ We turn now to the issue of whether Burton's third-party actions waived any jurisdictional defenses which it may have had. Since the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A., the difference between a special and a general appearance has been abolished in the federal courts. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871; 2 Moore's Federal Practice, Section 12.12 (2d Ed. 1948). This result followed from an interpretation of that part of Rule 12(b) which states: "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." The theory behind such an interpretation is that the quick presentation of defenses and objections should be encouraged and that successive motions which prolong such presentation should be carefully limited.

Although there have been no cases directly covering the issue in this dispute, there have been a few decisions involving the issue of whether a counterclaim serves to waive an objection going to personal jurisdiction.[9] Suffice it to say that

tion is supported in a Revision Committee Note, 1951, which reads as follows: "330.30 (1949) requires amendment to make its reference to the instrument appointing an agent for service, conform to the form of the appointments under such sections as 180.813(1) (d), 180.823, 180.-837, 180.845(2), 180.801(2) and 180.68, and the effect given under section 180.825 to the appointment of a registered agent. In addition, this revision eliminates the present provision that a qualified foreign corporation does not have the benefit of the statutes of limitation unless it has a manufacturing plant in the state. There appears no defensible reason why the benefit of the statutes of limitation should not be extended to a foreign corporation with a retail store, sales office, warehouse, or truck fleet, for example, or in fact to any foreign corporation (in-

cluding an insurance company), which has fully complied with all statutory requirements to do business in this state and by statutory requirement has expressly appointed a resident or state official to accept service of process. If the effect of the present provision were generally understood, it is believed that it would be a serious deterrent to the conduct by foreign corporations of business in this state."

9. Baltimore & Ohio R. Co. v. Thompson, D.C.E.D.Mo.1948, 80 F.Supp. 570, affirmed 8 Cir., 1950, 180 F.2d 416; North Branch Products, Inc. v. Fisher, D.C. D.C.1960, 179 F.Supp. 843; Beaunit Mills, Inc. v. Industrias Reunidas F. Matarazzo, S. A., D.C.S.D.N.Y.1959, 23 F.R.D. 654; Keil Lock Co. v. Earle Hardware Manufacturing Co., D.C.S.D.

those cases are divided as to whether a counterclaim, compulsory or noncompulsory, serves to waive a party's jurisdictional defenses.

The division in the decisions indicates the difficulty of the problem. Essentially the question is: How sweeping were the procedural innovations inaugurated by the Federal Rules of Civil Procedure? Specifically, how far did Rule 12(b) go in abolishing the principle behind the distinction between special and general appearances?

A literal interpretation of Rule 12(b) tends toward a finding that a counterclaim, cross-claim, or third-party claim waives jurisdictional defenses, since those claims are not "defenses or objections" and, therefore, not within the scope of that part of Rule 12(b) previously quoted.[10]

Furthermore, a party, when he counterclaims, cross-claims, or impleads a third party, is seeking affirmative relief and is thereby invoking the jurisdiction of the court. He cannot at the same time deny that jurisdiction. Burton argues that a third-party action for contribution is not inconsistent with an objection to jurisdiction, as is a counterclaim, which is independent of the original claim. Burton's contention neglects to consider that a third-party claim, although conditional, is nevertheless as affirmative an assertion as a counterclaim.

Burton argues further that the cases holding a counterclaim to be a waiver of jurisdictional objections promote a result contrary to the philosophy behind the abolition of the distinction between special and general appearances. As already noted, the reason for allowing a defendant to plead jurisdictional defenses along with his other defenses is to eliminate unnecessary delay in the conduct of a lawsuit. To allow a party to wait in raising his jurisdictional defenses until after he has impleaded third parties does the exact opposite of what the rule abolishing a waiver intended to do; namely, it delays litigation. The case at bar is a perfect example. A great deal of time and effort were spent by both third-party defendants. The presence in this case of one of them, the United States of America, led to a decision by this court [11]—a decision which would have been unnecessary if the third-party plaintiff did not legally belong in this suit.

For the reasons mentioned above, the court is of the opinion that Burton's third-party claims constitute a waiver of Burton's jurisdictional defenses. The court having decided in the first portion of this decision that the statute of limitations has not expired on plaintiff's cause of action, it is unnecessary now to determine whether Burton's waiver relates back to the time it was improperly served or whether such waiver is prospective only.

In conclusion, the statute of limitations has not run on plaintiff's cause of action against Burton, and Burton has submitted to the jurisdiction of the court by impleading third parties.

For the foregoing reasons, Burton's motion to dismiss this action, or in lieu thereof to quash the return of the summons, is hereby denied.

N.Y.1954, 16 F.R.D. 388; Hook & Ackerman, Inc. v. Hirsh, D.C.D.C.1951, 98 F.Supp. 477; Sadler v. Pennsylvania Refining Co., D.C.W.D.S.C.1940, 33 F. Supp. 414.

10. See Beaunit Mills, Inc. v. Industrias Reunidas F. Matarazzo, S. A., D.C.S.D. N.Y.1959, 23 F.R.D. 654.

11. Globig v. Greene & Gust Co., D.C.E.D. Wis.1960, 184 F.Supp. 530.